**Thomas Charles KNIGHTON, Appellant,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, The IBM Retirement Plan, and Ruth Roskelly, f/k/a Ruth Allison Knighton, Appellees.**

No. 01–91–01285–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 22, 1993.

Rehearing Denied June 3, 1993.

Lester R. Buzbee, III, Buzbee & Associates, P.C., Houston, for appellant.

Bobbie G. Bayless, Bayless & Stokes, Houston, for appellee Ruth Roskelly, f/k/a Ruth Allison Knighton.

Maria Wyckoff Boyce, Marc A. Antonetti, Baker & Botts, L.L.P., Houston, for appellees International Business Machines Corp. and the IBM Retirement Plan.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Thomas Charles Knighton (Knighton), appellant, sued his former wife, Ruth Roskelly (Roskelly), International Business Machines Corporation (IBM), and the IBM Retirement Plan (the Plan), appellees, seeking a declaratory judgment to enjoin the enforcement of a Florida court judgment.

The issue is when no action has been requested to enforce the valid judgment of a sister state, should Texas courts interfere with such enforcement because the judgment contains an income deduction order. We conclude Texas courts should not. The trial court granted summary judgment in favor of IBM, the Plan, and Roskelly, awarded IBM and the Plan attorney's fees, denied Roskelly's claim for attorney's fees, and denied Knighton's motion for summary

judgment. In six points of error, Knighton argues the trial court erred in granting summary judgment in favor of Roskelly and by awarding attorney's fees to IBM and the Plan. In her sole cross point, Roskelly asserts the trial court erred in not granting her request for attorney's fees. We affirm.

**Background**

On January 13, 1983, the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, entered a final judgment dissolving the marriage of Knighton and Roskelly. Knighton was ordered to pay $175 per week to Roskelly "for permanent alimony." Knighton, who has been employed with IBM for almost 30 years, was transferred by IBM to Texas in 1984 and has remained a resident of Texas since that time. It is undisputed that Knighton did not make the payments as ordered by the Florida court. In November 1990, Roskelly filed a motion for contempt in the Florida court seeking to enforce the judgment. The trial court entered a income deduction order requiring IBM, as Knighton's employer, to deduct "from all monies due and payable to [Knighton] the sum of [$175.00] per week and a like sum every week thereafter, which sum represents [Knighton's] regular support obligation," plus an additional sum of $100.00 per week for payments owed in arrears and a "Supplemental Final Judgment" ordering the implementation of a Qualified Domestic Relations Order (QDRO) requiring the Plan to pay Roskelly $813 per month from Knighton's benefits following his retirement. Knighton did not appeal the orders entered by the Florida court.

On January 22, 1991, Knighton filed this lawsuit in Texas against Roskelly and IBM, seeking a declaratory judgment that the Florida orders constituted an illegal garnishment in violation of the laws and the Texas Constitution. Knighton later amended his petition to add the Plan as a defendant. IBM and the Plan responded by filing a general denial and a interpleader action. IBM and the Plan asserted that "rival, adverse, and conflicting claims to Knighton's wages and benefits existed."

According to IBM and the Plan, if Knighton prevailed in his suit in Texas, they would be exposed to multiple liability and/or litigation, in light of the Florida court orders. All parties subsequently filed motions for summary judgment asserting they were each entitled to judgment as a matter of law.

On December 2, 1991, the Texas trial court entered its final judgment granting summary judgment in favor of Roskelly, IBM, and the Plan and denying Knighton's motion for summary judgment. The trial court specifically discharged IBM and the Plan from "any and all liability except for payment of any wages and benefits properly due," and awarded attorney's fees to IBM and the Plan to be paid by Knighton, as the losing party. The trial court also denied Roskelly's request for attorney's fees. Knighton now appeals the trial court's judgment. In a single crosspoint, Roskelly challenges the trial court's denial of her claim for attorney's fees.

**Standard of review**

▇ Summary judgment is proper for a defendant if its summary judgment proof establishes, as a matter of law, that there exists no genuine issue of material fact concerning one or more of the essential elements of the plaintiff's cause of action. *Gray v. Bertrand*, 723 S.W.2d 957, 958 (Tex.1987); *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.] 1989, writ denied).

▇ When both parties move for summary judgment, each party must carry its own burden as the movant and, in response to the other party's motion, as the nonmovant. *James v. Hitchcock Indep. Sch. Dist.*, 742 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1987, writ denied). When both motions are before the court, the court may consider all the summary judgment evidence in deciding whether to grant either motion. *Dallas County Appraisal Dist. v. Institute for Aerobics Research*, 766 S.W.2d 318, 319 (Tex.App.—Dallas 1989, writ denied). The court can rely on one party's evidence to supply missing proof in the other party's motion. *DeBord v. Mul-*

*ler,* 446 S.W.2d 299, 301 (Tex.1969); *Seaman v. Seaman,* 686 S.W.2d 206, 210 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). But the court must indulge all reasonable inferences and resolve all doubts in favor of the losing party. *University of Texas v. Big Train Carpet of El Campo,* 739 S.W.2d 792, 792 (Tex.1987).

■ In reviewing the granting of a summary judgment, this Court will take all the evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Goldberg,* 775 S.W.2d at 752. When both parties file motions for summary judgment and at least one is granted and the other overruled, we determine on appeal all questions presented, including the propriety of the order overruling the losing party's motion. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988); *Teledyne Isotopes, Inc. v. Bravenec,* 640 S.W.2d 387, 389 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

### Full Faith and Credit

In six points of error, Knighton asserts the trial court erred in granting summary judgment in favor of Roskelly, IBM, and the Plan, in denying his motion for summary judgment, and in awarding attorney's fees to IBM and the Plan. Knighton does not challenge the validity of the Florida court's judgment awarding $108,995.97 to Roskelly, which represents the arrearages in alimony that he admittedly failed to pay. Knighton further concedes that the Florida court's judgment is entitled to full faith and credit in Texas. Knighton, however, asserts the judgment can only be enforced by means of Texas collection procedures. Specifically, Knighton complains of the use of the income deduction order and the QDRO entered by the Florida court to enforce the judgment in Texas.

■ Attached to Roskelly's motion for summary judgment are certified copies of the Florida court's supplemental final judgment awarding the arrearages to Roskelly, the income deduction order, and the QDRO entered by the Florida court. When a foreign judgment appears to be a valid, final, and subsisting judgment, its introduction makes a prima facie case for the party seeking to enforce it, and the burden is on the party resisting the judgment to establish that it is not final and subsisting. *Mitchim v. Mitchim,* 518 S.W.2d 362, 364 (Tex.1975). Knighton does not dispute the finality of the Florida court's judgment. In fact, Knighton concedes the Florida court's judgment is entitled to full faith and credit. Knighton asserts that the judgment entered by the Florida court cannot be enforced in Texas by the garnishment of wages, which is against the public policy of this State except for the payment of child support.

■ A state cannot deny full faith and credit to another state's judgment solely on the ground that it offends the public policy of the state where it is sought to be enforced. *GNLV Corp. v. Jackson,* 736 S.W.2d 893, 894 (Tex.App.—Waco 1987, writ denied). Moreover, full faith and credit is extended to foreign alimony decrees where, by the laws of the sister state, the arrearages have become vested and absolute. *Gard v. Gard,* 241 S.W.2d 618, 619–20 (Tex.1951); *Parker v. Parker,* 593 S.W.2d 857, 859 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

■ In *Texaco, Inc. v. LeFevre,* 610 S.W.2d 173, 176 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ), this Court held that a Texas resident's wages could be garnished pursuant to a foreign court's order. In *LeFevre,* Texaco was subject to both a New York court order requiring it to deduct income from the wages of an employee and a Texas court order enjoining such deductions. *Id.* at 174–75. A federal district court, pursuant to an interpleader action filed by Texaco, upheld the New York order on the basis of full faith and credit and enjoined the Texas court from enforcing its injunction. *Id.* at 175. We reversed the Texas court's refusal to dissolve its order enjoining Texaco from complying with the New York order, stating: "[o]ur state court was bound to follow the decision of the federal district court even if the effect would be to allow the garnishment of wages, which our state court could

not do...." *Id.* at 176. In the instant case, the Texas courts need do nothing to enforce the valid Florida judgment. Knighton's employer, IBM, is subject to the jurisdiction of the Florida court and Roskelly's only request is that Texas courts not interfere. This is *not* a case wherein a party is seeking a Texas court order garnishing wages for the enforcement of a valid foreign judgment. That situation is clearly a different matter because Texas courts would then be asked to do an act which violates our constitution. TEX. CONST. art. XVI, sec. 28. Thus, the trial court did not err in granting summary judgment for Roskelly, IBM, and the Plan, nor did the court err in denying Knighton's motion for summary judgment.

 Knighton also challenges the trial court's award of attorney's fees to IBM and the Plan. Knighton asserts for the first time on appeal that IBM and the Plan are not "innocent stake holders," and therefore are not entitled to attorney's fees.[1]

 After considering IBM and the Plan's motion to modify the judgment concerning attorney's fees, the trial court entered an amended judgment granting IBM and the Plan's request for attorney's fees contained in their motion for summary judgment. Attached to IBM and the Plan's motion for summary judgment, is a sworn affidavit containing testimony by their counsel of the reasonable and necessary attorney's fees to which they assert they are entitled. The affidavit fully complies with rule 166a of the Texas Rules of Civil Procedure. *See* TEX.R.CIV.P. 166a. The affidavit of the attorney representing a claimant constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding. *Tesoro Petroleum Corp. v. Coastal Refining*, 754 S.W.2d 764, 767 (Tex.App.—Houston [1st Dist.] 1988, writ denied). In the absence of controverting evidence, the affidavit of counsel will support the trial court's granting of a summary judgment. *Id.*

 Moreover, Knighton's failure to object to the evidence presented on attorney's fees and to complain of IBM and the Plan's status and entitlement to attorney's fees as an innocent stake holder in the trial court preserves nothing for review. TEX. R.APP.P. 52(a).

Knighton's first, second, third, fourth, fifth, and sixth points of error are overruled.

### Roskelly's cross-point

In her sole cross-point, Roskelly asserts the trial court erred in denying her request for attorney's fees incurred in defense of the instant lawsuit filed by Knighton. Roskelly asserts that she was entitled to attorney's fees pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986).

 The Texas Uniform Declaratory Judgments Act, provides that "the court *may* award costs and reasonable and necessary attorney's fees as are equitable and just." TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986) (emphasis added). When a claimant, like Knighton, has properly invoked the declaratory judgment statute, either party may plead for and obtain attorney's fees. *See First Nat'l Bank v. John E. Mitchell Co.*, 727 S.W.2d 360, 363 (Tex.App.—Amarillo 1987, writ ref'd n.r.e.). The award of attorney's fees is not limited to the plaintiff or the party affirmatively seeking declaratory relief. *Hartford Casualty Ins. v. Budget Rent-a-Car*, 796 S.W.2d 763, 771 (Tex.App.—Dallas 1990, writ denied). The award of attorney's fees in a declaratory judgment action, however, is discretionary. TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). As such, the trial court's decision concerning the grant or denial of an award of attorney's fees will not be reversed on appeal absent a clear showing of an abuse of discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985). It is clear from the record that the trial court recognized that Knighton and Roskelly had legitimate rights to pursue and, therefore, each should bear its

---

1. An innocent stakeholder in an interpleader action is entitled to an award of attorney's fees. *United States v. Ray Thomas Gravel Co., Inc.*, 380 S.W.2d 576, 581 (Tex.1964); *MCZ, Inc. v. Triolo*, 708 S.W.2d 49, 57 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

own attorney's fees. *See United Interests, Inc. v. Brewington, Inc.,* 729 S.W.2d 897, 906 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Upon further review, the record shows no abuse of discretion by the trial court.

We overrule Roskelly's cross-point.

We affirm the judgment.

WILSON, J., dissents.

WILSON, Justice, dissenting.

This case presents the issue of whether, despite the Texas constitutional prohibition, a Texas citizen's current wages may be legally garnished in favor of a foreign judgment creditor pursuant to an "income deduction" (garnishment) order obtained in a sister state ancillary to a judgment admittedly entitled to full faith and credit. Because I believe the majority's analysis indicates an affirmative answer, I respectfully dissent.

It is unclear from the majority's opinion whether the Florida judgment and ancillary orders are receiving full faith and credit in Texas, and are being enforced accordingly, or whether the Texas courts are doing "nothing to enforce the valid Florida judgment," and no full faith and credit issue is presented.

The majority cites *GNLV Corp. v. Jackson,* 736 S.W.2d 893, 894 (Tex.App.—Waco 1987, writ denied), for the proposition that a state cannot deny full faith and credit to another state's judgment solely on the ground that it offends the public policy of the state where it is sought to be enforced. I believe *Jackson* stands for the proposition that a judgment based on a cause of action not recognized in Texas, but legally sued upon in a sister state, is entitled to full faith and credit in Texas. I do not read *Jackson* as authorizing the use of a collection procedure that is available in a sister state but is unconstitutional in Texas.

In *Jackson,* a Texas citizen sought to enjoin a Nevada corporation from enforcing a Nevada final judgment for a gambling debt. The Nevada corporation had filed in Texas under the Uniform Enforcements of Foreign Judgments Act. TEX.CIV.

PRAC. & REM.CODE ANN. § 35.001 et seq. (Vernon 1986). The court held that the long standing public policy in Texas regarding enforcing gambling debts does not permit Texas to deny full faith and credit to the Nevada judgment.

But the Nevada corporation in *Jackson* did not seek to enforce its judgment by obtaining a garnishment order in Nevada, and that fact leaves *Jackson* unhelpful in the resolution of this case. Instead, the Nevada corporation sought to collect on its judgment using the procedures for enforcement under Texas law. Here, Roskelly is attempting to enforce her valid judgment by means of a Florida procedure legally unavailable in Texas. Unlike the Nevada corporation in *Jackson,* she is not availing herself of any enforcement rights under Texas law. How would the majority decide *Jackson* if Jackson had been employed in Texas by a business entity also doing business in Nevada, and GNLV had obtained a Nevada garnishment order on Jackson's Texas wages ancillary to its judgment for debt? Is a person's constitutional right in Texas to be free from garnishment of current wages (other than child support) dependent on whether the person's Texas employer is subject to the jurisdiction of a sister state?

The majority also cites in support of its holding the case of *Texaco, Inc. v. LeFevre,* 610 S.W.2d 173, 176 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). In *LeFevre,* our Court did not reach any full faith and credit issue, but found a Texas trial court obligated to follow a federal court decree, not one from a sister state's court. The federal court resolved the inherent contradictions between competing state jurisdictions brought before the court by an interpleader action. In the case before us, we have no federal court order resolving the fundamental conflict. The majority makes the following statement in its opinion:

> This is *not* a case wherein a party is seeking a Texas court order garnishing wages for the enforcement of a valid foreign judgment. That situation is clearly a different matter because Texas

courts would then be asked to do an act which violates our constitution.

Op. at 210.

This to me seems to be a distinction that leads in circles. If Roskelly had brought suit to enforce her judgment in Texas, a Texas court would not issue a garnishment order to help her collection efforts. But if the garnishment order is obtained in a sister state, a Texas court is powerless to afford the rights of our constitution to a Texas citizen? If the majority is correct, an act taken by a Texas court in violation of the Texas Constitution will be remedied, but the refusal of a Texas court to protect a Texas citizen from the act of a foreign sovereign is without remedy.

I do not believe the collection enforcement remedies gained in this case only by the happenstance of having a Texas employer subject to Florida jurisdiction are entitled to full faith and credit in Texas in the face of a direct and clear Texas constitutional prohibition. The majority's analysis erects a bypass around the Uniform Enforcement of Judgments Act, thus permitting a foreign judgment creditor to enforce a sister state judgment in Texas against a Texas citizen by appearing only in a foreign jurisdiction. Any remedies available to the Texas citizen under Texas law are lost, not by what the Texas citizen has done, but because of the choice of forum for enforcement taken by the adversary. I would order the case reversed, and render summary judgment granted in favor of the appellant.