McMahen v. Hooper 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-103-CV

        BILLIE McMAHEN,
                                                                                       Appellant
        v.

        HORACE HOOPER,
                                                                                       Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 92-2577-3
                                                                                                    

O P I N I O N
                                                                                                    

          The appellee, Horace Hooper, sued the appellant, Billie McMahen in a suit to try title and
for possession of a 17-acre parcel of property maintained as a mobile home park in Bellmead. 
Hooper alleged that McMahen had orally agreed to convey an undivided one-half interest in the
parcel if Hooper would live on the parcel and maintain the rental property until such time as
McMahen had paid the final note he owed on the parcel. After the last note had been paid and
McMahen obtained an unencumbered fee simple ownership of the parcel, McMahen forced
Hooper off the land. Hooper petitioned the court to render a judgment that Hooper had complied
with the terms of his oral contract with McMahen and that he was entitled in equity to a one-half
ownership interest in the parcel. Trial was before a jury, and judgment was rendered in favor of
Hooper.
          McMahen raises six points on appeal. In his first point he complains the trial court erred
in denying his motion for summary judgment. In his second and third points he asserts the trial
court erred in denying his objection to one of the jury charges and in failing to substitute one of
his own. In point four McMahen argues the trial court erred in failing to charge the jury on the
issue of consideration to support the contract. In point five he maintains the trial court erred in
overruling his motion for new trial because he had proof that Hooper had testified falsely at a
deposition. And in his sixth and final point McMahen complains that the trial court should have
awarded him attorneys' fees because the jury's zero finding on the question of attorneys' fees was
against the great weight and preponderance of the evidence. We affirm.
          In his first point of error McMahen complains that the trial court erred in denying his
motion for summary judgment. He notes that there are three elements to an equitable cause of
action to enforce an oral agreement to convey real property: (1) payment of the consideration,
whether it be in money or services; (2) possession by the vendee; and (3) the making by the
vendee of valuable and permanent improvements upon the land with the consent of the vendor, or,
without such improvements the presence of such facts as would make the transaction a fraud upon
the purchaser if it were not enforced. Boyert v. Tauber, 834 S.W.2d 60, 63 (Tex. 1992); Hooks
v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116 (1921). He contends that in his summary
judgment motion he complained that Hooper had failed to plead an essential element of his cause
of action, namely, that Hooper's allegedly "valuable and permanent improvements" on the parcel
were completed with his consent.
          Whatever the merits of McMahen's argument may be, we have no jurisdiction to consider
the point. The denial of a summary judgment motion is usually an interlocutory order that may
not be appealed. See Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994). Moreover,
when a motion for summary judgment is denied, and the case then proceeds to a final judgment
via a trial, dismissal, or some other form, the order denying the summary judgment order may not
be appealed. Ackermann v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966); Orozco v. Orozko,
917 S.W.2d 70, 72 (Tex. App.—San Antonio 1996, writ denied); Freedman v. Briarcroft Property
Owners, Inc., 776 S.W.2d 212, 215 (Tex. App.—Houston [14th Dist.] 1989, writ denied). 
Therefore, because we have no jurisdiction to consider McMahen's complaint, his first point is
overruled.
          In his second and third points McMahen complains about the following charge submitted
to the jury:
QUESTION NO. 1:
 
Do you find from a preponderance of the evidence that Billie McMahen made an
agreement with Horace Hooper that if he would stay on the 17 acres tract of land,
more or less, and assume the care, control, and management of the entirety of said
tract that at the completion of the payment of the purchase price Horace Hooper
would own an undivided one-half of said tract?

McMahen contends that the above-quoted charge is ambiguous because there was evidence
adduced at trial concerning two alleged agreements: (1) for McMahen to allow Hooper a reduced
rent to stay in the mobile home park if Hooper would perform maintenance services at the park,
and (2) for McMahen to eventually give one-half of his interest in the entire tract to Hooper if
Hooper would perform maintenance services at the park.
          The charge is not ambiguous. It clearly asked the jury to find whether there was an
agreement whereby Hooper would eventually gain an ownership in the tract if he performed
certain maintenance services. Any other agreement concerning the consideration owed Hooper
in exchange for his maintenance services would have been ancillary to the jury's deliberations, but
the jury was not asked to consider any other such agreement. Concluding that the complained-of
charge was not ambiguous, we overrule McMahen's second and third points.
          In his fourth point McMahen asserts that the trial court erred in failing to charge the jury
on the element of consideration. We disagree. In addition to the charge quoted above, the trial
court submitted a second charge for the jury to answer, assuming that it answered the first in the
affirmative. The trial court asked the jury whether "Horace Hooper did stay on the 17 acre tract
of land . . . and assume the care, control, and management of the entire tract until he was evicted
from said property?"
          Despite McMahen's arguments to the contrary, these two charges brought to the jury the
question of consideration to support the contract. The jury was asked whether the parties agreed
that Hooper would offer in return for a one-half interest in the tract the consideration of
performing maintenance services on the tract. The jury answered that this, indeed, was the
agreement and that Hooper performed his side of the bargain. We conclude that the jury was
charged on the element of consideration; therefore, we overrule McMahen's fourth point.
          In his fifth point of error McMahen argues the trial court erred in overruling his motion
for new trial on the ground that Hooper testified falsely at a deposition. According to McMahen,
Hooper was asked at a deposition whether he "had in his possession or subject to his control any
writing of any kind that supported any of the allegations contained in his Original Petition." 
McMahen avers that Hooper answered in the negative.
          At trial, Hooper then offered into evidence a number of receipts that apparently showed
that he had been making payments to McMahen throughout the time he was present on the tract
as part of their oral agreement.
          McMahen's argument that Hooper testified falsely at the deposition should have been raised
at the time the alleged error was made apparent to him, which was at trial when the receipts were
entered into evidence. By waiting to raise the complaint until after the trial was completed,
McMahen waited much too long and, therefore, waived his complaint. Tex. R. App. P. 52(a).
          McMahen, in the same point of error, asserts that at the hearing on his motion for new trial
he presented evidence to demonstrate that the receipts mentioned above were falsified. McMahen,
however, does not with any specificity indicate which of the numerous receipts were falsified or
in what manner. Without providing us with specific citations to the record, McMahen has
presented us with nothing to review on his complaint. Tex. R. App. P. 74(f). Moreover, the
complaint is multifarious. McMahen essentially tacked on this argument to the point about
Hooper's alleged false deposition testimony. Tex. R. App. P. 74(d); Superior Packing, Inc. v.
Worldwide Leasing & Fin., Inc., 880 S.W.2d 67, 69 (Tex. App.—Houston [14th Dist.] 1994, writ
denied). For all these reasons, we conclude that McMahen's fifth point is without merit, and we
overrule it.
          In his sixth and final point McMahen complains that the trial court erred in failing to award
him attorneys' fees because the jury's finding of zero on the amount of attorneys' fees to which
he was entitled is against the great weight and preponderance of the evidence. We disagree.
          In a suit for declaratory judgment, either party may make a claim for attorneys' fees and
costs as provided under Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1986). Knighton
v. Int'l Business Mach. Corp., 856 S.W.2d 206, 215 (Tex. App.—Houston [1st Dist.] 1993, writ
denied). However, the trial court does not abuse its discretion in failing to award attorneys' fees
to a defendant who is generally unsuccessful in his defense against the plaintiff's claims. See id.;
Peacock v. Schroeder, 846 S.W.2d 905, 912 (Tex. App.—San Antonio 1993, no writ). Because
McMahen was generally unsuccessful in his defense against Hooper's claims, the trial court did
not abuse its discretion in failing to award McMahen attorneys' fees. McMahen's sixth point is
overruled.
          The judgment is affirmed.


                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
         Justice Vance
Affirmed
Opinion delivered and filed August 14, 1996
Do not publish



minal Appeals has not directly decided the issue, our courts of
appeals have upheld Rule 606(b)’s constitutionality under Texas and federal constitutional
provisions. E.g. Richardson v. State, 83 S.W.3d 332, 362 (Tex. App.—Corpus Christi 2002, no
pet.) (citing Hines and Sanders); Hicks, 15 S.W.3d at 630 (citing Hines and Sanders); Hines, 3
S.W.3d at 622 (right to fair trial); Sanders, 1 S.W.3d at 888 (right to fair and impartial jury trial
under U. S. Const. amend. VI and Tex. Const. art. I, § 15).



      In a civil-law context, the Texas Supreme Court upheld the constitutionality of Rule 606(b),
as well as its companion Rule of Civil Procedure 327(b),


 in Golden Eagle Archery, Inc. v.
Jackson, 24 S.W.3d 362 (Tex. 2000); Tex. R. Civ. P. 327(b).


 The Court explained that the jury
deliberations to which Rules 606(b) and 327(b) pertain occur in that part of the trial when the jury
formally weighs the evidence to arrive at a verdict. Id. at 371. The Court pointed out that neither
rule prohibits non-juror testimony about alleged misconduct during deliberations. Id. at 369. 
Also, both rules allow jurors to testify about matters which do not involve delving into jury
deliberations, such as evidence of “outside influences.” Id. at 370-71 (discussion of improper
matters during deliberations, or juror’s display of bias during deliberations, not “outside
influences”). And these two rules do not prohibit juror testimony before deliberations about
alleged misconduct during trial. Id. at 375. But public policy demands that jury deliberations be
kept private, because: (1) jurors must be encouraged to candidly discuss the case during
deliberations; (2) jurors must be protected from post-trial harassment and tampering; (3)
disgruntled jurors must be denied an avenue for overturning the verdict; and (4) there is a need
for finality in litigation. Id. at 367. Based on these policy considerations, the Court found that
these two rules do not violate federal due process or the right to a fair and impartial trial under
the Texas Constitution. Id. at 374-75.
      In a criminal case, the United States Supreme Court has rejected a claim under the Sixth
Amendment right to a fair jury trial that Federal Rule 606(b), the federal counterpart to Texas
Rule 606(b), is unconstitutional.


 Tanner v. United States, 483 U.S. 107, 127, 107 S.Ct. 2739,
2751, 97 L.Ed.2d 90 (1987); Fed. R. Evid. 606(b). And the Fifth Circuit has held that Federal
Rule 606(b) does not violate a civil defendant’s due process right to a fair and impartial jury.


 
Maldonado v. Missouri Pacific Ry. Co., 798 F.2d 764, 770 (5th Cir. 1986). The Maldonado
court stated that the Rule (a) protects the jury’s right to privacy and from harassment and (b)
encourages free discussion in the jury room. Id.
      Following the holdings in these cases, and for the same public policy reasons, we hold that
application of Rule 606(b) did not violate Glover’s constitutional rights to due process under the
Fifth and Fourteenth Amendments. Accordingly, we overrule his complaint and affirm the
judgment.

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 11, 2003
Publish
[CRPM]