# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

SARAH CARLETON HIGH
(NUCKOLLS),

Plaintiff/Appellee,

VS.

JAMES ROSCOE HIGH,

Defendant/Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Madison Chancery No. 46094

Appeal No. W1998-00569-COA-R3-CV

FILED

December 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CHANCERY COURT OF MADISON COUNTY
AT JACKSON, TENNESSEE
THE HONORABLE JOE C. MORRIS, CHANCELLOR

JEFFREY L. IVEY
BRUCE, WEATHERS, CORLEY, DUGHMAN & LYLE
Nashville, Tennessee
Attorney for Appellant

L. L. HARRELL, JR.
HARRELL & HARRELL
Trenton, Tennessee
Attorney for Appellee

**AFFIRMED IN PART, MODIFIED IN PART
AND REMANDED**

ALAN E. HIGHERS, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

HOLLY KIRBY LILLARD, J.

**FACTS**

The appellant has taken this appeal from the trial court's order directing garnishment of his wages to satisfy his current and outstanding alimony and child support obligations. For the reasons stated herein, we affirm in part and modify in part the judgment of the trial court and remand the cause to that court for further proceedings consistent with this opinion.

The parties to this appeal were divorced by an order entered March 24, 1992. That order awarded custody of the parties' minor children to the mother, Sarah Carleton High, and decreed that the father, James Roscoe High, pay $2,500 in monthly child support, that he pay hospitalization insurance and that he pay all medical, dental, optical and prescription medication expenses not covered by insurance. The trial court also ordered High to pay the children's private school expenses and summer camp costs. Moreover, the trial court made an equitable division of property and ordered James High to pay Sarah High $3,000 in monthly alimony. Subsequently, the parties entered into an agreed order to reduce child support to $2,000 per month.

On July 21, 1993, James High filed in the trial court a motion to modify the final decree of divorce due to his incarceration. High sought relief from his obligation to pay alimony, child support and other financial obligations arising under the final decree and the agreed order. On January 27, 1995, the trial court found that High was $102,000 in arrears in his child support and alimony obligations, and decreed:

1. The Motion of the defendant to suspend the child support and alimony is hereby granted by consent and that the defendant shall not be obligated to make any further alimony or child support payments as long as he is incarcerated and without income.

On May 30, 1996, Sarah High filed a petition to set child support, alimony and to reinstate the defendant's support obligations due to the fact that Mr. High had been released from incarceration. By Order entered September 29, 1997, the trial court ordered, *inter alia*, that James High pay $1,000 in monthly alimony and that he pay child

2

support in accordance with the State of Tennessee's guidelines. That order also awarded the plaintiff a $157,070.97 judgment against the defendant for child support and alimony arrearages. The order further provided that payment of the judgment would be deferred until such time as the defendant had no further legal obligation to support the parties' daughter.

On November 20, 1997, the plaintiff filed a petition for citation for contempt arising from the defendant's failure to pay numerous support-related expenses. That petition was erroneously filed under an incorrect docket number. However, the error was corrected by order entered April 7, 1998. Subsequently on December 8, 1997, plaintiff filed a motion for wage assignment.

A hearing on the petition and motion was held on January 28, 1998, and the trial court entered an order on March 2, 1998, which addressed the foregoing petition. That order provided in pertinent part the following:

BASED UPON THE ABOVE FINDINGS AND THE PREVIOUS FINDINGS OF THE COURT IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The defendant is found to be in arrears in his payments for or on behalf of said minor children in the amount of Four Thousand Seven Hundred One Dollars and Ninety Seven Cents ($4,701.97) and further is found to be in arrears in his alimony payments in the amount of Six Thousand Dollars ($6,000.00) for a total of Ten Thousand Seven Hundred One Dollars and Ninety-seven Cents ($10,701.97).

2. The Court does further find that the defendant has not paid on a previous arrearage established by the Court in the amount of Two Thousand One Hundred Twenty Eight Dollars and Twenty Eight Cents ($2,128.28), making a total arrearage due of Twelve Thousand Eight Hundred Thirty Dollars and Twenty Five Cents ($12,830.25) plus attorneys fees of Three Thousand Dollars ($3,000.00) for a total of Fifteen Thousand Eight Hundred Thirty Dollars and Twenty Five Cents ($15,830.25).

3. It is further ordered that a wage assignment shall issue and be served upon the defendant's employers being: E.R. Hawthorne & Co., Inc. Custom Brokers Freight Forwarders, 9370 Wallisville Rd., Ste 100, Houston, Texas 77013, (713) 673-8399; Port Dispatch Warehouse Services, Inc., P.O. Box 24503, Houston, Texas 77229; Port Dispatch Services, Inc., P.O. Box 24503, Houston, TX 77229. That said wage assignment should be levied equally upon each employer

3

unless the income received by the defendant is different, in that event, then said wage assignment shall be apportioned upon said employers in accordance with the defendant's income.

4. The Court does further order that the wage assignment in the amount of Nine Hundred Eighty Five Dollars and Eighty Five Cents ($985.85), plus Clerk's commission every other week for said child support and alimony and additional sum of Two Hundred Fifty Dollars ($250.00), plus Clerk's commission every other week for the payment upon the defendant's obligation, which has heretofore been established by the Court.[1]

5. It is specifically found by the Court that it is not addressing a previous arrearage determined to be owing by the defendant for the support of the minor children and plaintiff in the amount of One Hundred Fifty Seven Thousand Seventy Dollars and Ninety Seven Cents ($157,070.97) upon which payment has been deferred until such time as the minor daughter reaches the age where he has no further legal obligation toward her.

6. It is further ordered that the defendant shall continue to make the payments as heretofore ordered by the Court for the expenses of the minor children and further that he is to secure life insurance as heretofore ordered by the Court and to comply with all previous orders of the Court.

7. It is further ordered that the costs of these proceedings are taxed to the defendant, James Roscoe High, for which execution shall issue, if necessary.

The trial court clerk issued Notices of Income Assignment upon High's three employers on March 13, 1998. On March 30, 1998, James High filed a notice of appeal, appealing the March 2, 1998, order. As a transcript was not available, both parties filed proposed statements of evidence which are contained in the record on appeal. The trial court entered an order on March 12, 1999, approving the statement of evidence submitted by Sarah High's attorney. This matter is properly before the Court for consideration and disposition.

**ISSUES**

The appellant has submitted the following issues for appellate review:

I. Whether the wage assignment ordered by the trial court for current alimony in the amount of $461.54 every two weeks, plus the clerk's

---

[1] The total garnishment every other week is $1,235.85, which is comprised of current child support in the amount of $524.31, current alimony in the amount of $461.54, and arrearage debt reduction in the amount of $250.00. There is also a clerk's fee set by T.C.A. § 8-21-401, which is in addition to the garnishment amount.

4

commission, violates federal and state law.

II.  Whether the wage assignment for total arrearages in the amount of $250.00 every two weeks, plus clerk's commission violates federal and state law.

III. Whether, in any event, the total garnishment ordered by the trial court exceeds the amount permitted by federal and state law.

## ANALYSIS

The appellant asserts that garnishment is not a permitted means of collecting on judgments in the State of Texas. Indeed, it has long been the public policy of the State of Texas not to permit garnishment of current wages. See, Tex. Civil Prac. & Rem. Code Ann. § 63.004 (Vernon 1997). The term "current wages" has been defined by the Texas courts as "such compensation for personal services as are to be paid periodically or from time to time, as the services are rendered; as where the services are to be paid for by the hour, day, week, month or year, or where the compensation for service is measured by the time of its continuance." *J.M. Radford Grocery Co. v. McKean*, 41 S.W.2d 639, 640 (Tex. Civ. App. 1931). See also, *U.S. v. Wakefield*, 572 S.W.2d 569, 572 (Tex. Civ. App. 1978). So strong in the public policy against garnishment in Texas, that the Texas Constitution contains a provision prohibiting the garnishment of wages, except in certain circumstances. One such circumstance in which garnishment is permitted is for the collection of child support. On November 8, 1983, Tex. Const. art. 16, § 28 was amended to provide as follows:

> No current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered child support payments.

On November 2, 1999, the citizens of the State of Texas adopted the following amendment to Tex. Const. art. 16, § 28 which permits the garnishment of wages to satisfy both child support and alimony obligations. The amendment to Tex. Const. art. 16, § 28, which was effective upon adoption, expressly provides:

> No current wages for personal service shall ever be subject to garnishment except for the enforcement of court-ordered:
> (1) child support payments; or
> (2) spousal maintenance.

5

In addition, the Texas Legislature recently amended Tex. Family Code Ann. § 8.003 (Vernon 1999), contingent upon the adoption of the foregoing constitutional amendment, to provide in pertinent part:

> (b) A court may enforce an order for spousal maintenance under this section by ordering garnishment of wages of the person ordered to pay the maintenance or by any other means available under Section 8.009.

Even before the most recent constitutional amendment and attendant statutes, Texas courts have enforced garnishment orders from other states. In **Knighton v. Intl. Business Machines Corp., et al.**, 856 S.W.2d 206 (Tex. Ct. App. 1993), the plaintiff/appellant sued his employer and his former wife, seeking a declaratory judgment to enjoin enforcement of a Florida judgment which included a garnishment order. Knighton did not dispute the validity of the Florida court's judgment awarding $108,995.97 in alimony arrearages to his former wife nor did he dispute that the judgment was entitled to full faith and credit in the State of Texas. Instead, Knighton asserted that the judgment could not be satisfied in the State of Texas by means of the garnishment of wages.

The Texas Court of Appeals determined that the Florida judgment was entitled to full faith and credit. Therefore, the Florida court's garnishment order was valid and enforceable in Texas despite the fact that the order offended the public policy of the State of Texas. The Court stated:

> A state cannot deny full faith and credit to another state's judgment solely on the ground that it offends the public policy of the state where it is sought to be enforced. **GNLV Corp. v. Jackson**, 736 S.W.2d 893, 894 (Tex. App.-Waco 1987, writ denied). Moreover, full faith and credit is extended to foreign alimony decrees where, by the laws of the sister state, the arrearages have become vested and absolute. **Gard v. Gard**, 241 S.W.2d 618, 619-20 (Tex. 1951); **Parker v. Parker**, 593 S.W.2d 857, 859 (Tex. Civ. App.-Houston [1st Dist.] 1980, no writ).
>
> In **Texaco, Inc. v. LeFevre**, 610 S.W.2d 173, 176 (Tex. Civ. App.-Houston [1st Dist.] 1980, no writ), this Court held that a Texas resident's wages could be garnished pursuant to a foreign court's order. In **LeFevre**, Texaco was subject to both a New York court order requiring it to deduct income from the wages of an employee and a Texas court order enjoining such deductions. [citation omitted.] A federal district court, pursuant to an interpleader action filed by Texaco, upheld the New York order on the basis of full faith and credit and enjoined the Texas court from enforcing its injunction. [citation omitted.] We reversed the Texas court's refusal to dissolve its order enjoining Texaco from complying with the New York order, stating: '[o]ur state court was bound to follow the decision of the federal district court even

6

if the effect would be to allow the garnishment of wages, which our state court could not do ...' [citation omitted.]
***Knighton***, 856 S.W.2d at 209-10.

In light of the foregoing analysis, it is well-established that wages earned in Texas may be garnished for the payment of both child support and alimony obligations. The remainder of this opinion will address the amount of Mr. High's wages that may be garnished to satisfy his child support and alimony obligations.

Given the inherent conflict between the several states as to the percentage of income that may be garnished, the federal government has stepped into the fray and set forth guidelines with respect to garnishment. Accordingly, the pertinent portions of the Consumer Protection Act found at 15 U.S.C. §1673 state:

> (b)(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed–
>
>> (A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
>>
>> (B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;
>
> except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

Evidence presented at the hearing below established that Mr. High is not supporting a spouse or a dependent child and that his outstanding child support and alimony obligations are more than twelve weeks old. Therefore, 65 percent of his salary is potentially subject to garnishment under the provisions of 15 U.S.C. §1673(b)(2)(B).

The Consumer Protection Act further provides that it does not supercede any state law which provides more restrictive garnishment percentages. Specifically, 15 U.S.C. §

1677 provides in pertinent part:

> This subchapter does not annul, alter, or affect, or exempt any person from complying with, the laws of any State
>> (1) prohibiting garnishments or providing for more limited garnishment than are allowed under this subchapter ....

In addition to the foregoing, federal law also provides that the maximum garnishment amount that the employer may withhold for payment of child support is to be determined by the laws of the State of the obligor's principle place of employment. In this case, that state is Texas. 42 U.S.C. § 666(b)(6)(A)(i) expressly states:

> The employer of any noncustodial parent to whom paragraph (1) applies, upon being given notice as described in clause (ii), must be required to withhold from such noncustodial parent's income the amount specified by such notice (which may include a fee, established by the State, to be paid to the employer unless waived by such employer) and pay such amount (after deducting and retaining any portion thereof which represents the fee so established) to the State disbursement unit within 7 business days after the date the amount would (but for this subsection) have been paid or credited to the employee, for distribution in accordance with this part. **The employer shall withhold funds as directed in the notice, except that when an employer receives an income withholding order issued by another State, the employer shall apply the income withholding law of the state of the obligor's principal place of employment in determining**–

>> (I) the employer's fee for processing an income withholding order;
>> (II) the maximum amount permitted to be withheld from the obligor's income;
>> (III) the time periods within which the employer must implement the income withholding order and forward the child support payment;
>> (IV) the priorities for withholding and allocating income withheld for multiple child support obligees; and
>> (V) any withholding terms or conditions not specified in the order....
>> (Emphasis Added).

Under Texas law, the maximum amount of one's income that may be garnished for child support is 50 percent. Tex. Family Code Ann. § 158.009 (Vernon 1999), provides:

> An order or writ of withholding shall direct that any employer of the obligor withhold from the obligor's disposable earnings the amount specified up to a maximum amount of 50 percent of the obligor's disposable earnings.

We find no authority under Texas law limiting the amount of disposable income that may be garnished for the payment of alimony. Proof at the hearing established that Mr.

8

High is not supporting a spouse or dependent child and that the arrearage is over twelve weeks old. Therefore, the amount of his disposable income that may be garnished for alimony is found by looking to the provisions of 15 U.S.C. §1673(b)(2)(B), which provide that up to 65 percent of his disposable income may be garnished.

Upon consideration of the foregoing statutory provisions, we conclude that 65 percent of Mr. High's disposable income is subject to garnishment for payment of his outstanding obligations; however, only 50 percent of his disposable income is subject to garnishment for payment of child support. It is within the trial court's discretion to apportion the percentage of the total garnishment to be allotted to payment of alimony and child support, so long as the wage assignment for child support does not exceed 50 percent of Mr. High's disposable income and so long as the total garnishment does not exceed 65 percent of his disposable income. Mr. High testified that his annual income was $60,000, or $5,000 per month. However, there was no testimony in the record regarding Mr. High's net income. The trial court's order calls for garnishment every other week, which the Court presumes is the regular pay period. Therefore, the Court respectfully remands this issue to the trial court for a determination of Mr. High's net income per pay period. Upon determination, the trial court may adjust the garnishment amount, if necessary, to comply with the foregoing garnishment withholding limits.

Finally, Mr. High has sought to raise collateral issues on appeal challenging the validity of the trial court's prior orders setting child support, alimony and other support obligations. He asserts in his brief that the underlying orders entered in 1992 and 1997 are unjust because they exceed the Tennessee Child Support Guidelines without there having been written findings made. Therefore, the March 2, 1998, order enforcing the foregoing orders is likewise invalid. Under Rule 13 T.R.A.P., this Court's scope of review on appeal is limited to those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or considered under Rule 14 T.R.A.P. There is nothing in the record on appeal to establish that the trial court erred in entering the earlier support orders.

Upon consideration of the foregoing, we affirm in part and modify in part the trial court's order and remand the cause to that court for further proceedings consistent with this opinion. Costs are adjudged against the appellant, James Roscoe High, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:


_____
CRAWFORD, P.J., W.S.


_____
LILLARD, J.