Robert Whitfield v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-045-CR

     ROBERT WHITFIELD,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 9397-B
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury convicted Robert Whitfield of rape in 1981. Whitfield filed a motion in 2002
requesting court-appointed counsel to assist him in filing a motion for postconviction DNA testing
under article 64.01 of the Code of Criminal Procedure. The court denied Whitfield’s request, and
he appealed.
      This Court does not have jurisdiction over an appeal from an order denying a motion for
counsel under article 64.01. See McIntosh v. State, No. 10-01-409-CR, slip op. at 3-4, 2002 WL
31779905, at *1-2 (Tex. App.—Waco 2002, order, no pet.). Accordingly, the Clerk of this Court
notified Whitfield by letter dated March 27, 2003 that his appeal was subject to dismissal for want
of jurisdiction and warned him that the appeal would be dismissed if an appealable order was not
presented to this Court in a supplemental record “on or before 5:00 p.m. on Friday, April 11,
2003.”
      The deadline has passed, and the Court has not received a supplemental clerk’s record
containing an appealable order. Therefore, we dismiss this appeal for want of jurisdiction.

                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed May 21, 2003
[CR25]



ave no jurisdiction to consider McMahen's complaint, his first point is
overruled.
          In his second and third points McMahen complains about the following charge submitted
to the jury:
QUESTION NO. 1:
 
Do you find from a preponderance of the evidence that Billie McMahen made an
agreement with Horace Hooper that if he would stay on the 17 acres tract of land,
more or less, and assume the care, control, and management of the entirety of said
tract that at the completion of the payment of the purchase price Horace Hooper
would own an undivided one-half of said tract?

McMahen contends that the above-quoted charge is ambiguous because there was evidence
adduced at trial concerning two alleged agreements: (1) for McMahen to allow Hooper a reduced
rent to stay in the mobile home park if Hooper would perform maintenance services at the park,
and (2) for McMahen to eventually give one-half of his interest in the entire tract to Hooper if
Hooper would perform maintenance services at the park.
          The charge is not ambiguous. It clearly asked the jury to find whether there was an
agreement whereby Hooper would eventually gain an ownership in the tract if he performed
certain maintenance services. Any other agreement concerning the consideration owed Hooper
in exchange for his maintenance services would have been ancillary to the jury's deliberations, but
the jury was not asked to consider any other such agreement. Concluding that the complained-of
charge was not ambiguous, we overrule McMahen's second and third points.
          In his fourth point McMahen asserts that the trial court erred in failing to charge the jury
on the element of consideration. We disagree. In addition to the charge quoted above, the trial
court submitted a second charge for the jury to answer, assuming that it answered the first in the
affirmative. The trial court asked the jury whether "Horace Hooper did stay on the 17 acre tract
of land . . . and assume the care, control, and management of the entire tract until he was evicted
from said property?"
          Despite McMahen's arguments to the contrary, these two charges brought to the jury the
question of consideration to support the contract. The jury was asked whether the parties agreed
that Hooper would offer in return for a one-half interest in the tract the consideration of
performing maintenance services on the tract. The jury answered that this, indeed, was the
agreement and that Hooper performed his side of the bargain. We conclude that the jury was
charged on the element of consideration; therefore, we overrule McMahen's fourth point.
          In his fifth point of error McMahen argues the trial court erred in overruling his motion
for new trial on the ground that Hooper testified falsely at a deposition. According to McMahen,
Hooper was asked at a deposition whether he "had in his possession or subject to his control any
writing of any kind that supported any of the allegations contained in his Original Petition." 
McMahen avers that Hooper answered in the negative.
          At trial, Hooper then offered into evidence a number of receipts that apparently showed
that he had been making payments to McMahen throughout the time he was present on the tract
as part of their oral agreement.
          McMahen's argument that Hooper testified falsely at the deposition should have been raised
at the time the alleged error was made apparent to him, which was at trial when the receipts were
entered into evidence. By waiting to raise the complaint until after the trial was completed,
McMahen waited much too long and, therefore, waived his complaint. Tex. R. App. P. 52(a).
          McMahen, in the same point of error, asserts that at the hearing on his motion for new trial
he presented evidence to demonstrate that the receipts mentioned above were falsified. McMahen,
however, does not with any specificity indicate which of the numerous receipts were falsified or
in what manner. Without providing us with specific citations to the record, McMahen has
presented us with nothing to review on his complaint. Tex. R. App. P. 74(f). Moreover, the
complaint is multifarious. McMahen essentially tacked on this argument to the point about
Hooper's alleged false deposition testimony. Tex. R. App. P. 74(d); Superior Packing, Inc. v.
Worldwide Leasing & Fin., Inc., 880 S.W.2d 67, 69 (Tex. App.—Houston [14th Dist.] 1994, writ
denied). For all these reasons, we conclude that McMahen's fifth point is without merit, and we
overrule it.
          In his sixth and final point McMahen complains that the trial court erred in failing to award
him attorneys' fees because the jury's finding of zero on the amount of attorneys' fees to which
he was entitled is against the great weight and preponderance of the evidence. We disagree.
          In a suit for declaratory judgment, either party may make a claim for attorneys' fees and
costs as provided under Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1986). Knighton
v. Int'l Business Mach. Corp., 856 S.W.2d 206, 215 (Tex. App.—Houston [1st Dist.] 1993, writ
denied). However, the trial court does not abuse its discretion in failing to award attorneys' fees
to a defendant who is generally unsuccessful in his defense against the plaintiff's claims. See id.;
Peacock v. Schroeder, 846 S.W.2d 905, 912 (Tex. App.—San Antonio 1993, no writ). Because
McMahen was generally unsuccessful in his defense against Hooper's claims, the trial court did
not abuse its discretion in failing to award McMahen attorneys' fees. McMahen's sixth point is
overruled.
          The judgment is affirmed.


                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
         Justice Vance
Affirmed
Opinion delivered and filed August 14, 1996
Do not publish