# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00494-CV

**Appellant, Robert C. Bauer// Cross-Appellants**, **Jim Williams, Individually,
and Preiss Heights Property Owners Association**

**v.**

**Appellees, Jim Williams, Individually,
and Preiss Heights Property Owners Association// Cross-Appellee**, **Robert C. Bauer**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. C99-100A, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert C. Bauer appeals from the district court's judgment that he take nothing on a claim for attorney's fees under the Uniform Declaratory Judgment Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008) ("In any proceeding under [the UDJA], the court may award costs and reasonable and necessary attorney's fees as are equitable and just."). In two issues, Bauer argues that (1) the district court's denial of attorney's fees was an abuse of discretion because the record conclusively demonstrates, as a matter of law, that an award of some amount of attorney's fees is "just and equitable" and (2) the district court abused its discretion in denying an award of attorney's fees without hearing evidence. Because we find that the district court did not abuse its discretion in refusing to award attorney's fees, we affirm.

In his underlying UDJA claim, Bauer sought a declaration that he had an easement for ingress and egress through property owned by appellee, Preiss Heights Property Owners Association (PHPOA). The district court found that there was no easement in Bauer's favor and denied his request. Bauer appealed. Holding that Bauer had conclusively established the existence of an implied easement for ingress and egress through PHPOA's property, this Court reversed the district court's order denying Bauer's request for declaratory relief. *See Bauer v. Williams*, No. 03-04-00377-CV, 2006 Tex. App. LEXIS 4532, at *19 (Tex. App.—Austin May 26, 2006, pet. denied) (mem. op.). The Court remanded the cause "for a determination of what amount of attorney's fees, if any, should be awarded." *Id.* (citing Tex. Civ. Prac. & Rem. Code Ann. § 37.009).

On remand, the matter was set for hearing. When the case was called, the district court observed that it had not awarded attorney's fees to either side in his initial ruling, and explained, "I, many times, do not award attorney's fees if I think it's a justiciable issue and something that needs to be resolved." Bauer's counsel then informed the district court that he was prepared to present evidence

> to show that this was an easement that [the Bauers] had used for about forty years that they were fenced out of[,] [that the Bauers] made numerous attempts to settle the case prior to trial and so basically were forced to take the action that they did and that it would be just and equitable for them to award attorney's fees.

The district court ruled,

2

The request for attorney's fees are denied for the same reasons that I didn't grant them to the party that I thought won in the first place. . . . I will take judicial notice of the hearing. I've reviewed the file. I remember the case. I've read the appellate decision and attorney's fees are denied within my discretion.

The district court's order subsequently reflected that "[t]he Court, having considered the contents of the file in the case, finds and is of the opinion that no attorney's fees should be awarded."

The court permitted Bauer to introduce twelve exhibits for purposes of a bill of exception. On appeal, Bauer characterizes this evidence as establishing that his

use of the easement has been uninterrupted and peaceful for forty years; that PHPOA, itself, had expressly recognized the easement; that PHPOA unilaterally obstructed the easement and denied Bauer's access; that Bauer made numerous polite and amicable attempts to resolve the matter without resort to suit; that Bauer, when forced to do so upon trial, proved his easement right conclusively; and that Bauer necessarily incurred attorney's fees in the process.

However, Bauer identifies only his evidence regarding his attempts to amicably resolve the dispute and the amount of his fees as "not part of anything of which the court could have taken 'judicial notice,' nor . . . part of 'the trial of the case.'"

In his first issue, Bauer argues that the district court's denial of attorney's fees was an abuse of discretion because the record conclusively demonstrates, as a matter of law, that an award of some amount of attorney's fees is "just and equitable." He further suggests that whether the award of some amount of attorney's fees is "just and equitable" is a question of law that we should review de novo. We disagree.

Section 37.009 of the UDJA provides that a court "may award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann.

3

§ 37.009. As the supreme court explained in *Bocquet v. Herring*, the UDJA "does not require an award of attorney fees to the prevailing party." 972 S.W.2d 19, 20 (Tex. 1998). Rather, the court explained, "the Declaratory Judgments Act entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet*, 972 S.W.2d at 21. However, the determination of whether attorney's fees are equitable and just, though questions of law, remain within the trial court's discretion. *Id*. Thus, a trial court "may conclude that it is not equitable or just to award even reasonable and necessary fees." *Id*.

In sum, it is well established that under the UDJA "the question of a judge's decision to award or not award attorney's fees is reviewed on appeal for an abuse of discretion." *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004); *see also*, *Hageman/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth*, 150 S.W.3d 617, 627 (Tex. App.—Austin 2004, no pet.). A trial court abuses its discretion if it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

When presented with the question of Bauer's attorney's fees on remand, the district court pointed out that he had not awarded attorney's fees to either side in his initial ruling, which had favored PHPOA. Bauer construes the district court's reference of whether the case presented "a justiciable issue" as reflecting the application of an incorrect legal standard. In context, the court was not applying the concept of justiciability in a strict jurisdictional sense, but expressing

4

the view that both sides had pursued their legitimate competing rights. It is not an abuse of discretion to deny attorney's fees under the UDJA on the basis that both parties "had legitimate rights to pursue and, therefore, it would not be equitable and just to award either attorney's fees." *Sunday Canyon Prop. Owners Ass'n v. Annett*, 978 S.W.2d 654, 659 (Tex. App.—Amarillo 1998, no pet.); *see also Knighton v. International Bus. Machs. Corp.*, 856 S.W.2d 206, 210-211 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (finding no abuse of discretion where "it is clear from the record that the trial court recognized that Knighton and Roskelly had legitimate rights to pursue and, therefore, each should bear its own attorney's fees"). We disagree with Bauer that the district court applied an improper legal standard in denying his request for attorney's fees.

Nor can we conclude that the district court abused its discretion in determining that the parties had both pursued legitimate rights. The record reflects that the district court considered the prior proceedings in the case, this Court's opinion in *Bauer I*, and reviewed the file. We find no abuse of discretion in the district court's exclusion of Bauer's additional evidence regarding his attempts to amicably resolve the dispute and the amount of his fees. Alternatively, even considering Bauer's additional evidence, we find no abuse of discretion in the district court's determination that a fee award was not equitable and just. Consequently, any error in its refusal to hear evidence would be harmless.

We overrule Bauer's issues and affirm the district court's judgment.[1]

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   August 8, 2008

---

[1]  PHPOA filed a cross-notice of appeal, but has not briefed or argued any issues through which it seeks to alter the district court's judgment.  We accordingly dismiss PHPOA's cross-appeal for want of prosecution.