TEXACO, INC., Appellant,

v.

Louis M. LeFEVRE, Appellee.

No. 17765.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 30, 1980.

Rehearing Denied Nov. 27, 1980.

John D. White, Houston, for appellant.

Lieberman & Tratras, Richard P. Greenberg and Murray L. Lieberman, Houston, for appellee.

Before PEDEN, EVANS and WARREN, JJ.

WARREN, Justice.

This is an appeal from an order overruling a motion to dissolve a temporary injunction which prohibits Texaco from withholding sums from appellee's salary as ordered by an out-of-state judgment.

The question for our determination is whether the trial court should have dissolved an existing temporary injunction which was in conflict with a judgment entered by a federal district court of New York, in an interpleader action to which appellee and appellant were parties.

In March of 1974, Louis LeFevre filed suit for divorce against Lillian LeFevre in the Supreme Court of Nassau County, New York. At that time, both Mr. and Mrs. LeFevre were residents of Nassau County and Mr. LeFevre was an employee of Texaco, Inc. On September 19, the court dismissed the suit for divorce, but pursuant to New York law entered a judgment for alimony directing that appellee pay Lillian LeFevre $60.00 per week, all of her medical and dental expenses and the carrying charges on the marital residence occupied by her.

Thereafter, appellee moved to Texas, filed a suit for divorce and on July 23, 1976, a decree was entered in a Domestic Relations Court of Harris County, which dissolved the marriage, awarded the marital residence to Mrs. LeFevre and directed that she be responsible for the carrying charges on the home.

On October 17, 1978 an order was entered in a Supreme Court of Nassau County, New York granting to Mrs. LeFevre a money judgment for $20,901 against appellee for arrearage on the alimony payments ordered by the court in the September 19, 1974, decree. The October 17 order further directed that Texaco, Inc., appellee's employer, deduct the total of $155 per week from the wages of appellee until such time as the arrearage was satisfied.

After Texaco, Inc. had made deductions pursuant to the New York order of October 17, appellee on November 29 filed suit in a District Court of Harris County seeking a temporary injunction prohibiting Texaco from withholding any amounts from his salary as ordered by the New York decree. On December 22, a temporary injunction was granted enjoining Texaco from withholding any sum of money from appellee's salary to satisfy the New York judgment.

On January 8, 1979, Mrs. LeFevre obtained an order in the New York Supreme Court requiring Texaco to appear on January 22, and show cause why it should not be held in contempt for failing to obey the October 17, 1978, order which directed it to withhold sums from appellee's salary to satisfy the alimony arrearage.

On January 19, Texaco filed a sworn interpleader in a federal district court in the Eastern District of New York, stating that it was a disinterested stakeholder, that the corpus was being claimed by citizens of two different states and that it was in peril of being held in contempt because of conflicting orders issued by courts of two different states. Texaco prayed for an injunction prohibiting appellee and Mrs. LeFevre from instituting any further legal actions against Texaco and discharging Texaco from any liability for violation of either of the state court orders. The federal court granted a temporary restraining order as prayed for by Texaco and on November 9 a final judgment was entered in the interpleader action decreeing that: (1) the New York Supreme Court had in personam jurisdiction over the parties when it rendered the decree of September 19, 1974, ordering appellee to pay alimony; (2) the judgment of September 19, 1974 was entitled to full faith and credit; (3) the Court of Domestic Relations No. 5 of Harris County did not have in personam jurisdiction over the parties when it granted the divorce on July 23, 1976, and this order was null and void and was not entitled to full faith and credit as to any property rights existing between the parties, and (4) there was no proper basis for the District Court of Harris County to enjoin Texaco from complying with the October 17, 1978 order of the Supreme Court of New York, which mandated a deduction from the wages of appellee.

The order: (1) enjoined the District Court of Harris County from enforcing its contempt order prohibiting Texaco from withholding sums from appellee's wages, (2) discharged Texaco from any liability for claimed violations of the New York court order, (3) ordered a distribution of the money being held by Texaco and enjoined the parties from bringing other actions affecting the subject matter except in the state court of New York.

At the contempt hearing in our case the district court refused to hold Texaco in contempt but also refused to dissolve the injunction.

In two points of error appellant contends: (1) that the trial court erred in overruling its motion to dissolve the temporary injunction because as a matter of law Texaco had a right to rely on the judgment of the federal district court for the Eastern District of New York thereby rendering the temporary injunction void and of no effect and, (2) as a matter of law the order of the supreme court of New York was entitled to full faith and credit.

After being confronted with conflicting orders from different states concerning whether it should or should not withhold sums from the wages of appellee, appellant filed the interpleader action in the federal district court as authorized by 28 U.S.C., Sections 1335, 1397 and 2361. Section 2283 provides that "a court of the United States may not grant an injunction to stay proceedings in a state court except as expressly

authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Section 1335 grants jurisdiction to the federal district courts over an interpleader action provided the value of property or the amount in custody of the person or entity filing the interpleader is in excess of $500, if two or more adverse claimants of diverse citizenship are claiming such money or property and if the plaintiff-custodian has deposited such money or property into the registry of the Court, there to abide the judgment of the court or has made sufficient bond payable to the Clerk of the court, conditioned upon the compliance of plaintiff-custodian with the future orders of the court with respect to the subject matter of the controversy.

The facts of our case show that appellant was entitled to avail itself of the provisions of these statutes so that it could once and for all extricate itself from the certain liability it faced whether it withheld wages or refused to withhold them. Venue was proper under section 1397 which permits an interpleader action to be filed in the federal judicial district where one or more of the claimants reside.

Section 2361 expressly authorizes the federal district courts to enjoin the claimants in an interpleader action from pursuing other actions which might affect the property or obligation involved in the interpleader. The statute further empowers the court to "make all appropriate orders to enforce its judgment." The power of the federal district courts to issue such orders has been consistently upheld. *Holcomb v. Aetna Life Ins. Co.*, 228 F.2d 75 (10th Cir. 1955) cert. denied 350 U.S. 986, 76 S.Ct. 473, 100 L.Ed. 853, rehearing denied 350 U.S. 1016, 76 S.Ct. 657, 100 L.Ed. 875; *Austin v. Texas-Ohio Gas*, 218 F.2d 739 (5th Cir. 1957); *Francis I. duPont Co. v. Sheen*, 324 F.2d 3 (3rd Cir. 1963). The need for such statutes is more clearly demonstrated in our case than any of those reported. The propriety of one trial court enjoining another is questionable, but a discussion of this would serve no purpose since it is not necessary to our decision.

■ Appellee contends that the interpleader action brought by Texaco in the federal district court in New York constituted a collateral attack on the divorce decree rendered by the Court of Domestic Relations No. 5 of Harris County. A collateral attack on a judgment is an effort to avoid its binding force in a proceeding, instituted not for the purpose of correcting, modifying, or vacating it, but in order to obtain specific relief against which the judgment stands as a bar. 34 Tex.Jur.2d Judgments § 286.

■ The interpleader action brought by Texaco in the federal district court did not constitute a collateral attack on any Texas judgment. The relief sought was for the determination of the rightful owner of the funds held by Texaco and the absolution of Texaco from past and future claims and lawsuits arising from the fact that it was the custodian.

■ We hold that Texaco was entitled to submit the cause to the federal district court, that that court was empowered under the above mentioned statutes to determine the questions involved and that our state court was bound to follow the decision of the federal district court even if the effect would be to allow the garnishment of wages, which our state court could not do because of the prohibition of art. 3836 and art. 4099, V.A.C.S., and art. 16, § 28 Constitution of the State of Texas.

As this holding is determinative of the cause, we do not reach the question of full faith and credit.

The judgment is reversed and the injunction is ordered dissolved.