**BOUDREAUX CIVIC ASSOCIATION, Appellant,**

**v.**

**Leary COX, Appellee.**

**No. 01–93–00561–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 18, 1994.

Stephen P. Dillon, Bruce Ian Schimmel, Houston, for appellant.

Leary Cox, appellee pro se.

Before ANDELL, COHEN and WILSON, JJ.

## OPINION

WILSON, Justice.

In a previous case, appellant, the Boudreaux Civic Association, Inc., sued appellee, Leary Cox, over an alleged violation of the subdivision's deed restrictions. The Association won a permanent injunction against Cox prohibiting him from leaving inoperable cars on his homestead property. Pertinent to the appeal before us, the Association also received a money judgment for attorney's fees. After the judgment became final, the Association sought to foreclose on Cox's property by requesting aid from the trial court pursu-

ant to the turnover statute, TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986). The Association now appeals from the trial court's refusal to order Cox to "turnover" his deeds, and further assist in appellant's attempts to foreclose on Cox's property. Cox appears before us pro se.

It is not disputed Cox bought the property and subsequently established his homestead with notice of the deed restrictions existing at the time of his purchase. Contained in the restrictions prior to Cox's purchase were the Association's right to amend the restrictions, and the Association's right to impress a lien on the property for nonpayment of certain fees, not including attorney's fees.

After suing Cox in the original deed restriction suit but before judgment was rendered, the Association legally amended the deed restrictions to include the costs of litigation and attorney's fees as special assessments. The purpose of the amendment was to increase the scope of the Association's lien rights. Before the amendment, no foreclose-able lien right existed against homestead property to aid in the recovery of attorney's fees "expended by" the Association. After the amendment, the Association intended that if attorney's fees were expended in enforcing the deed restrictions, the right to foreclose would exist in the event of nonpayment of the fees and costs by the violator, notwithstanding any homestead exemption.

Appellant suggests the determinative issue presented is whether the lien acquired by the Association pursuant to the amendment of the subdivision's deed restrictions after Cox's designation of the property as homestead is paramount to Cox's constitutional right to be protected from the forced foreclosure of his homestead property. We find appellant has failed to prove its judgment for attorney's fees was based on the amended deed restrictions and affirm.

**Fact summary**

On May 26, 1977, deed restrictions were filed in Harris County for Section III of Boudreaux Estates. The restrictions estab-lished a maintenance fee to be levied on each tract, secured by a lien on the tract for which the maintenance fee was due. The lien securing the maintenance fees was subject to foreclosure. The document also provided a method for amendment of the restrictions.

Appellee purchased three lots in the Boudreaux Estates subdivision in 1981. On October, 5, 1983, new restrictions consolidating then-existing restrictions of various sections of the Boudreaux Estates subdivision were filed in Harris County. The new restrictions brought forward the provisions for a maintenance assessment secured by a lien, and continued a method for amendment.

In 1985, Cox declared his property in Boudreaux Estates his homestead.[1] On June 24, 1988, the Association brought suit against Cox for violations of the restrictions.

On December 21, 1989, the restrictions were again amended, and the amended restrictions were filed January 16, 1990. The following paragraph was added to the restrictions:

In the event that the Association finds it necessary to institute suit against any property owner or occupant of any property, or if suit is instituted by any property owner of occupant of any property against the Association, it's [sic] officers, directors, volunteers, or employees, whether by way of original action, intervention, cross claim, or counter claim, if the association, its officers, directors, volunteers, or employees prevail, then the attorney's fees, expenses of litigation, and costs of court, expended by the Association, shall be a special assessment upon the property of the owner whose act or whose occupants caused the Association to institute the suit, or instituted the suit against the Association, its officers, directors, volunteers, or employees and shall be added to the amount of the assessments set out in paragraph 13 above [providing for the maintenance assessment] and secured by the lien

---

1. Appellant argues that, in 1983, his intent was to make a homestead, and in 1984 plans were approved. It is undisputed that Cox's homestead was established in or before 1985. However, no one claims that whether Cox established his homestead in 1983, 1984, or 1985 is important to the resolution of any issue before us.

against the property and forecloseable in the manner set out above.[2]

On March 30, 1990, the trial court in the deed restriction case entered judgment in favor of the Association for $22,000 in attorney's fees for prosecution of the case through trial, $3,500 if an appeal was taken to the court of appeals, $2,000 if application for writ of error was filed with the Texas Supreme Court, and $25,000 if an appeal or writ of certiorari was filed with the United States Supreme Court.

Cox appealed to this Court, and the trial court's judgment was affirmed by unpublished opinion. Application for writ of error was filed with the Texas Supreme Court, and was denied. Petition for certiorari was filed with the United States Supreme Court, which was denied. The total judgment due is now $52,500, excluding interest and costs. The Association's request for aid in collection of the judgment by turnover followed the exhaustion of Cox's appellate remedies.

**Homestead**

■ A homestead is generally protected against debts. Foreclosure of the homestead is permitted only in the instances specifically listed in the constitution. TEX. CONST. art. XVI, § 50; *Inwood North Homeowners' Ass'n v. Harris,* 736 S.W.2d 632, 634 (Tex. 1987). However, the homestead exemption will not defeat a preexisting right. *Harris,* 736 S.W.2d at 635.

■ Foreclosure is permitted for the collection of maintenance fees when the deed restrictions for a development allow for that remedy despite the characterization of the property as a homestead, if the restrictions pre-existed the homestead declaration and run with the land. *Harris,* 736 S.W.2d at 635–36. In the case at hand, the restrictions, including a foreclosure remedy for mainte-

nance fees, preexisted appellee's homestead declaration. However, the restrictions were subsequently amended to allow for the payment of attorney's fees secured by the maintenance lien. Amendments to deed restrictions are valid so long as they are not against public policy or illegal. *Harrison v. Air Park Estates Zoning Comm.,* 533 S.W.2d 108, 111 (Tex.Civ.App.—Dallas 1976, no writ).

■ Nominally at issue is whether the subsequent amendment is a creation of a new lien, or a modification of the maintenance lien. If the amendment is found to have created a new lien made subsequent to the homestead declaration, it is not enforceable because it was not a right preexisting the homestead right. *Harris,* 736 S.W.2d at 635. However, if it is a modification of the maintenance fee lien, as the Association argues, it is a lien preexisting the homestead right, and is enforceable. *Id.*

■ Cox took his property subject to a maintenance fee, a lien securing that maintenance fee, and a method for amending the restrictions. These restrictions are to be liberally construed, giving effect to the intent and purposes of the restrictions. TEX.PROP. CODE ANN. § 202.003 (Vernon Supp.1994); *Candlelight Hills Civic Ass'n v. Goodwin,* 763 S.W.2d 474, 477 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

■ Agreements such as the restrictions and accompanying enforcement mechanisms in this case are treated as contracts among the parties. *See Harris,* 736 S.W.2d at 634; *Meyerland Community Improvement Ass'n v. Temple,* 700 S.W.2d 263, 267 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). A modification to a contract creates a new contract that includes the new,

---

2. The trial court in the original deed restriction case found under its conclusions of law that this provision was one of three grounds upon which the Association was entitled to be awarded attorney's fees. This conclusion was reached despite the fact Cox was sued prior to the adoption of the amendment and some portion of the attorney's fees would necessarily have been expended prior to the date of filing of the restrictions. The conclusion also ignored the language of paragraph 20 of the

restrictions that stated, "Said amendment, modification or supplement shall be effective as of the date of the filing for record of such document." Because we have a valid final judgment before us, we cannot explore the correctness of the award in the original suit under this provision. Further, there is no indication that the seemingly ex post facto nature of the restriction was raised as an issue in the first appeal.

modified provisions and the unchanged old provisions. *Maddox Motor Co. v. Ford Motor Co.,* 23 S.W.2d 333, 337–38 (Tex.Com'n App.1930, holding approved); *Greenbelt Elec. Coop. v. Johnson,* 608 S.W.2d 320, 324–25 (Tex.Civ.App.—Amarillo 1980, no writ).

### Turnover

A party may seek a court's assistance in the enforcement of a judgment through the turnover statute. TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986). However, this statute is not effective against property exempt from attachment. *Id.* at § 31.002(a)(2). A party requesting enforcement through turnover is entitled to recover reasonable costs, including attorney's fees. *Id.* at § 31.-002(e).

 We review the denial of a turnover order for an abuse of discretion. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Associated Ready Mix v. Douglas,* 843 S.W.2d 758, 561 (Tex.App.—Waco 1992, no writ); *Criswell v. Ginsberg & Foreman,* 843 S.W.2d 304, 306 (Tex.App.—Dallas 1992, no writ). A court abuses its discretion if it reaches a decision without the guidance of legal rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). This Court will not substitute its judgment for that of the trial court in evaluating factual matters determined by that court, but the findings of fact are reviewable for legal and factual sufficiency. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991).

 In evaluating matters of law, we give the finding of the trial court much less deference, as a trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992, orig. proceeding). "A trial court's issuance of a turnover order, even if predicated on an erroneous conclusion of law, will not be reversed for abuse of discretion if the judgment is sustainable for any reason." *Buller,* 806 S.W.2d at 226.

### Findings of fact and conclusions of law

The trial court entered the following findings of fact:

[1.] Mr. Leary Cox currently owns real property (lots) in the Boudreaux Estates Subdivision.

[2.] In 1977 Boudreaux Estates Subdivision enacted deed restrictions which governed certain activities of landowners within said subdivision.

[3.] In 1981, Mr. Leary Cox purchased several lots in the Boudreaux Estates Subdivision.

[4.] The "1977 Deed Restrictions" of Boudreaux Estates did not allow for the recovery of attorneys' fees for attorneys for Boudreaux Estates in their enforcement of their deed restrictions.

[5.] In 1985, Mr. Leary Cox "homesteaded" his property in Boudreaux Estates.

[6.] In 1988, Boudreaux Estates sued Mr. Leary Cox alleging he was in violation of their "Deed Restrictions of 1977."

[7.] In 1989, Boudreaux Estates amended their deed restrictions to allow for the recovery of attorneys' fees for successful enforcement of the deed restrictions against violators.

[8.] Boudreaux Estates was successful in their "1988 lawsuit" against Mr. Leary Cox. Said judgment and subsequent appellate decision were rendered after the 1989 amendment to the Boudreaux Estates Deed Restrictions.

[9.] Boudreaux Estates now seeks (by turnover) recovery of attorneys' fees (based on the 1989 amendment) against Mr. Leary Cox for the prosecution of the "1988 lawsuit."

 The trial court entered one conclusion of law, stating, "Boudreaux Estates Civic Association is not entitled to recover attorneys' fees for the 1988 lawsuit via their 1989 modification to the pre-existing deed restrictions." The court cites *Bullard, v. Mayne,* 49 S.W. 522 (Tex.Civ.App.1899, no writ), and *Finley v. Wakefield,* 184 S.W. 755 (Tex.Civ. App.—Dallas 1916, writ ref'd), to support this proposition.

We find the trial judge made an erroneous conclusion of law because his finding was in effect a collateral attack on the judgment reached in the deed restriction case. The entitlement of the Association to a recovery

of attorney's fees was previously decided ancillary to the original deed restriction case and the judgment in that case is now final. The issue was determined by the trial judge in the first case, that decision was affirmed on appeal, and was not subject to attack in the turnover procedure. "A collateral attack on a judgment is an effort to avoid its binding force in a proceeding, instituted not for the purpose of correcting, modifying, or vacating it, but in order to obtain specific relief against which the judgment stands as a bar." *Texaco, Inc. v. LeFevre,* 610 S.W.2d 173, 176 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

██ The Association maintains its right to foreclose on Cox's property exists solely because of the amended deed restrictions. We hold that the fundamental issue in the case is whether the proof offered to the trial judge conducting the turnover hearing showed that the Association's judgment for attorney's fees was based on the provisions contained in the deed restrictions, or otherwise. If the award was based on some provision other than the deed restrictions, then the Association would have no legal right to foreclose against Cox's homestead. In that event, the issue of which legal right prevails, homestead versus lien, suggested as controlling by the parties to this appeal, would not be properly before us for adjudication.

In this appeal, we are bound by the doctrine of "law of the case." The Supreme Court of Texas has stated that:

1. The "law of the case" doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages.
2. By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency.

*Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986).

Contained in the record of this case, we note the unpublished opinion of this Court in deciding the deed restriction case. In regard to the issue of attorney's fees, it states:

In his eleventh point of error, the appellant (Cox) contends that the trial court abused its discretion by awarding attorney's fees in the final judgment. Specifically, the appellant contends that attorney's fees may only be awarded if damages are awarded, and since no damages were awarded, the trial court abused its discretion in awarding attorney's fees.

The prevailing party in a cause of action based on violation of a deed restriction is entitled to recover attorney's fees. TEX. PROP.CODE ANN. § 5.006(a) (Vernon 1984). Since the trial court found that the appellant violated a deed restriction by keeping inoperable cars on his property, and granted a permanent injunction on that basis, the Association was a prevailing party in a cause of action based on violation of a deed restriction. The Association was entitled to recover attorney's fees. The trial court did not abuse its discretion in awarding attorney's fees in its final judgment.

We overrule the appellant's eleventh point of error.

No appellate step beyond our Court changed the decision in any material way other than increasing Cox's liability for attorney's fees. We are bound by our Court's previous determination that the attorney's fees awarded in the judgment were based on TEX.PROP.CODE ANN. § 5.006(a) (Vernon 1984), and not the deed restrictions. This determination has become the law of the case, and we are bound to follow it here. *Hudson,* 711 S.W.2d at 630. Further, we find nothing in the property code which would in any sense give the Association a lien preexisting Cox's establishment of his homestead.

Additionally, the language of the deed provisions allowing for attorney's fees is different from the property code. The deed provisions state:

[T]he attorney's fees, expenses of litigation, and costs of court, *expended by the Association,* shall be a special assessment upon the property of the owner. . . . and secured by the lien against the property

and forecloseable in the manner set out above.

(Emphasis added.)

The property code permits recovery of reasonable attorney's fees to a prevailing party who asserted the action after consideration of certain traditional factors such as time and labor required. TEX.PROP.CODE ANN. § 5.006(a). More than half of the fees allowed by the trial judge in the deed restriction case were attributable to the appellate process. Such an award was permissible under the property code, but in what sense was the $25,000 awarded the Association for an appeal or petition for writ of certiorari to the United States Supreme Court "expended by the Association" as required by the deed provisions? There is no proof in the record the Association spent one dollar, much less $25,000, in responding to what was a virtually hopeless and quixotic attempt by Cox to gain the attention of the United States Supreme Court.

The deed restrictions and the property code do not mirror one another. They have some overlapping and some differing provisions. The property code permits recovery of attorney's fees in situations where the prevailing party "asserted the action." The deed restrictions permit recovery of attorney's fees when the Association is a prevailing party but did not assert the action—when the Association is a defendant.

 But germane to our inquiry here, the deed restrictions require the attorney's fees to be expended, and the Property Code does not. We would understand this provision in the restrictions to bar a foreclosure of Mr. Cox's homestead property to recover the $25,000 allowed for an appeal to the Supreme Court of the United States if the Association did not actually expend that amount in responding to such an appeal. If no money was expended, then no lien was created under the deed restrictions.

## Points of Error

Appellant presents six points of error for our review. Appellant's first point of error challenges the trial court's denial of appellant's "application for judgment" pursuant to the turnover statute. Its second point of error argues the trial court should have granted attorney's fees for prosecuting the turnover application. Appellant's third and fifth points of error state two of the court's findings of fact are supported by no evidence, or alternatively, insufficient evidence. Appellant's fourth point of error argues the trial court's single conclusion of law is incorrect. Appellant's sixth point of error questions the trial court's refusal to enter additional or amended findings of fact. Additionally, appellee has filed a motion for damages for frivolous appeal pursuant to TEX.R.APP.P. 84.

### 1. Attorney's fees for turnover

 Appellant argues in his second point of error that it is entitled to attorney's fees for the turnover action as provided in TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(e) (Vernon 1986). However, such an award is proper only if a judgment creditor is successful in obtaining turnover relief. *Daniels v. Pecan Valley Ranch Inc.*, 831 S.W.2d 372, 386 (Tex.App.—San Antonio 1992, writ denied). The Association was not successful in obtaining relief. Therefore, we overrule appellant's second point of error.

### 2. Additional findings of fact

 The Association argues in its sixth point of error the trial court erred in refusing appellant's request for 16 additional or amended findings of fact. Additional findings of fact are required only when they are necessary to determine ultimate or controlling issues. TEX.R.CIV.P. 298; *Dura–Stilts Co. v. Zachry*, 697 S.W.2d 658, 661 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Additionally, it is not reversible error to refuse to make such findings if the record affirmatively shows no injury. *Strickland v. Coleman*, 824 S.W.2d 188, 193 (Tex.App.— Houston [1st Dist.] 1991, no writ). Particularly, there is no harm if the requested findings cover uncontested facts. *Id.*

Many of the additional findings requested by the Association are simply more detailed versions of the facts found by the trial court, which are not necessary to the ultimate issue the court was asked to decide. Other findings were statements of uncontested facts,

the denial of which was harmless. In fact, appellant goes so far as to say that the pertinent facts in this case were undisputed. Finding no error in the refusal to enter additional findings of fact, we overrule appellant's sixth point of error.

### 3. Rule 84 damages

Appellee requests that this court sanction appellant pursuant to TEX.R.APP.P. 84, arguing that appellant has taken this appeal for delay and without sufficient cause. An award of damages under rule 84 will be imposed only if the record clearly shows the appellant has no reasonable expectation of reversal, and the appellant has not pursued the appeal in good faith. *Finch v. Finch*, 825 S.W.2d 218, 226 (Tex.App.—Houston [1st Dist.] 1992, no writ). This evaluation should be made from the advocate's point of view at the time the appeal is taken. *Hicks v. Western Funding*, 809 S.W.2d 787, 788 (Tex. App.—Houston [1st Dist.] 1991, writ denied). A well researched brief and arguable points of error indicate that sanctions may not be appropriate. *General Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex.1992).

As is indicated by our analysis above, appellant's appeal has presented an issue of legal interest for this Court's review. The brief was well researched and argued. The position taken by the Association was not frivolous. We deny Cox's motion.

Because of our disagreement with the parties over the fundamental issue in the case, we do not address the additional points of error because they are not material to the Court's decision. Finding no reversible error, we affirm the judgment of the trial court despite the trial court's erroneous conclusion of law. *Buller*, 806 S.W.2d at 226.

COHEN, Justice, concurring.

I concur in the result.

The amendment to the deed restrictions to allow recovery of attorney's fees did not take effect until it was filed on January 16, 1990. The property has been Cox's homestead for years before that, since at least 1985. The underlying suit was filed June 24, 1988, before the amendment allowing attorney's fees. The judge granted a permanent injunction on March 30, 1990, prohibiting Cox from storing inoperable cars on his property.

The judgment for attorney's fees is the law of the case, as the majority states. It is final, and it unquestionably can be enforced against all of Cox's non-homestead assets. The only question before us is whether this valid final judgment for attorney's fees in the underlying suit can be enforced by execution on his homestead. I believe it cannot.

In *Inwood North Homeowners' Ass'n v. Harris*, 736 S.W.2d 632 (Tex.1987), the supreme court wrote:

This case revolves around when the lien attached on the property. *If it occurred simultaneously to or after the homeowners took title, there is authority which would deem the homestead right superior. See Freiberg v. Walzem*, 85 Tex. 264, 20 S.W. 60, 61 (1892). On the other hand, if the lien attached prior to the claimed homestead right ... there would be a right to foreclose.

. . . .

The record discloses that the liens were contracted for several years before the homeowners took possession of their houses. Because the restrictions were placed on the land before it became the homestead of the parties, ... the homeowners were subject to the liens in question and an order of foreclosure would have been proper.

736 S.W.2d at 635–36 (emphasis added). The plain implication from this holding is exactly as the majority states: if the amendment created a new lien after the homestead declaration, it is not enforceable because it was not a right pre-existing the homestead right. That is the situation in this case. The amendment of the deed restrictions to allow recovery of attorney's fees created a new lien subsequent to Cox's homestead declaration; therefore it is not enforceable. The homestead right is superior because it predated the amendment. That is reason enough to affirm.