

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00406-CV

———————————————

THE PARKS OF DEER CREEK HOMEOWNERS ASSOCIATION, INC.,
Appellant

V.

AVANTI N. HUNTER, Appellee

---

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-315132-20

---

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I.  Introduction

Appellant The Parks of Deer Creek Homeowners Association, Inc. (the HOA) sued Appellee Avanti N. Hunter for unpaid assessments due as a result of Hunter's ownership of a lot within the subdivision governed by the HOA.  The HOA raises one issue challenging the trial court's entry of a take-nothing judgment on its claim.  Though the HOA phrases its challenge as an abuse of discretion by the trial court when it allegedly "disregarded" a business record admitted at trial, the HOA is instead raising a challenge premised on a theory that it proved its claim, including the element of damages, as a matter of law.  This challenge fails, and we affirm the trial court's judgment.[1]

## II.  Factual and Procedural Background

The HOA sued Hunter, asserting that she owned property in a subdivision governed by a "Declaration of Covenants, Conditions[,] and Restrictions."  The declaration created the HOA and empowered it to maintain the subdivision and "to levy maintenance charges and assessments against owners of lots in the Subdivision." The HOA's petition alleged that the Declaration obliged Hunter as a property owner in the subdivision to pay annual assessments of charges, special assessments for capital improvements, and special assessments levied by the HOA.  The petition further alleged that (1) Hunter had not paid assessments levied by the HOA, (2) the

---

[1]Hunter did not file a brief.

2

HOA had demanded payment, and (3) Hunter had failed to pay after the demand. The petition sought judgment for the amount of the assessments allegedly owed, the costs of collection and related charges, and attorney's fees.

The HOA's claims were tried to the court. The trial record (other than testimony on the issue of attorney's fees) consumes fewer than five pages. The full extent of the HOA's proof was from a witness who introduced herself as an association manager for the HOA's "management company" and whose testimony was limited to the sponsorship of five exhibits. These exhibits included (1) the declaration governing the subdivision, (2) a warranty deed conveying property in the subdivision to Hunter, (3) a letter to Hunter from the HOA demanding payment of past-due assessments that was dated almost three years prior to the trial, (4) a "homeowner's ledger," and (5) invoices from the HOA's attorneys.

Other than identifying the exhibits in the most general terms, the witness gave no more explanation of the exhibits or of the basis for the HOA's claim. For example, with respect to the ledger introduced as Exhibit D, the full extent of the testimony regarding the document was as follows: "This document is going to be the homeowner's ledger that shows what is owed to the association and/or the attorney's office." No predicate was offered to support the ledger's admission into evidence other than that it was a true and correct copy of an original and that it was kept in the regular course of business. When Hunter raised no objection, the trial court admitted the ledger into evidence.

3

The only guidance that the trial court had on what specific amount was due from Hunter for unpaid assessments came not from the witness's testimony but from the HOA's counsel's opening statement that the balance due as shown on the ledger was $3,606.29. Counsel then told the trial court that only $1,348.61 of this balance was for unpaid assessments because $2,257.08 of the balance represented attorney's fees. When counsel later testified, she claimed that the HOA had incurred fees that exceeded the amount she had indicated were reflected in the ledger, and she increased the HOA's fee claim to $3,554.10 for prosecuting the case.

After hearing the testimony, the trial court noted that it had not heard any testimony that the amounts claimed were due and owing. In response to the trial court's statement, the HOA's counsel asked to recall its witness. The trial court responded by stating that it was entering a take-nothing judgment against the HOA and later signed a judgment formalizing that ruling. The HOA filed a notice of appeal.

### III. Analysis

#### A. Introduction

On appeal, the HOA argues that the trial court abused its discretion by failing to grant it a judgment on its claims against Hunter. The HOA contends that the trial court admitted into evidence the ledger described above. Once that document (which the HOA described as a business record) was in evidence, the HOA argues that the

4

trial court became bound to enter judgment on the HOA's behalf and abused its discretion by failing to do so. The essence of the HOA's argument is as follows:

> For the reasons stated in this brief, [the HOA] asks the [c]ourt to find there was sufficient evidence of [Hunter's] debt owed to [the HOA], and therefore, the trial court's take[-]nothing judgment was both arbitrary and unreasonable in the factual and legal context in which it was made. Accordingly, it was an abuse of . . . discretion for the trial court to refuse to consider the properly admitted business records in support of [the HOA's] request for unpaid assessments, costs of collection, and reasonable and necessary attorneys' fees. [The HOA] prays that the [c]ourt reverse the trial court's judgment and remand for a new trial.

The HOA's argument is miscast. The HOA's argument actually constitutes a legal-sufficiency complaint. The HOA is arguing that the ledger proved its damages as a matter of law; in other words, the HOA claims that its proof of damages was conclusive. We disagree.

Here, the ledger was admitted without any explanatory information about its contents and in the apparent expectation that the trial court could determine the amount of the HOA's damages by sorting through its multiple unexplained entries to reach some independent determination of the amount owed by Hunter. Adopting this cavalier approach left in the hands of the trial court the question of what evidentiary weight to accord the ledger, and the HOA cannot now complain about the trial court's implied finding that the ledger was insufficient to prove its damages.

## B.    Standards of Review

No findings of fact or conclusions of law were requested by the HOA. Thus, we superimpose the following structure on our review of the basis for the trial court's judgment:

> Generally, judgments are presumed valid. *Anderson Mill Mun. Util. Dist. v. Robbins*, 584 S.W.3d 463, 473 (Tex. App.—Austin 2005, no pet.). When neither party requests findings of fact and conclusions of law, it is implied that the trial court made all fact findings necessary to support its judgment. *Id.* However, when the appellate record includes the reporter's and clerk's record, these implied findings are not conclusive and may be challenged for legal and factual sufficiency. *Id.*

*Mortenson v. Villegas*, No. 08-19-00080-CV, 2021 WL 321056, at *9 (Tex. App.—El Paso Feb. 21, 2021, no pet.). A trial court hearing a matter determines questions of credibility and the weight accorded evidence and resolves conflict and inconsistencies in the testimony. *S-G Owners Ass'n, Inc. v. Sifuentes*, 562 S.W.3d 614, 620 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

We construe the HOA's underlying argument to be that the evidence of its assessment claim was conclusive because the trial court admitted the ledger into evidence. The HOA is arguing, in essence, that it proved its case as a matter of law. The Texas Supreme Court's formulation of the standard of review under these circumstances is as follows: "When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *see also Int'l Bus.*

6

*Machines Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019) ("Because Lufkin bore the burden of proof on that issue, it must demonstrate on appeal that the evidence conclusively established the fact of damages as a matter of law.").

## C.    Elements of the HOA's claim

The First Court of Appeals has outlined the elements of a claim by an HOA to recover unpaid assessments as follows:

> The deed restrictions that authorized the assessment of fees at issue in this case are restrictive covenants concerning real property and may be enforced in court by a homeowners' association. *See* Tex. Prop. Code [Ann.] §§ 202.001(4), 202.004(b). To recover compensatory damages for unpaid assessments and related fees and costs, it was the association's burden at trial to prove both a breach of the deed restriction and the amount of damages. *See, e.g.*, *Boudreaux Civic Ass'n v. Cox*, 882 S.W.2d 543, 547 (Tex. App.—Houston [1st Dist.] 1994, no writ) (deed restrictions are treated as contracts among the parties); *see also* Restatement (Third) of Property (Servitudes) § 8.3 (2000); Cause of Action to Enforce Restrictive Covenant Applicable to Residential Subdivision, 25 Causes of Action 2d 371, §§ 4, 35 (2004).

*S-G Owners Ass'n*, 562 S.W.3d at 621.

## D.    The HOA Failed to Conclusively Prove Its Damages

The HOA apparently viewed the task of proving its damages as complete when the trial court admitted the ledger into evidence. This approach left the record blank on the pivotal question of what portion of the balances shown on the ledger represented the HOA's damages for unpaid assessments and what portion represented its attorney's fees. The HOA also left the trial court to decipher on its own a ledger that is eight pages long, has what appears to be more than a hundred

entries, and has a variety of summary and unexplained memo entries to document the nature of the charges that the HOA seeks to recover.

If the HOA wanted to position itself to argue that it had conclusively proved its case, it should have put forth more effort to prove its damages. The sponsoring witness stated that the ledger "shows what is owed to the association *and/or* the attorney's office" but did not break down the two categories by amount or confirm the correctness of the breakdown between assessments owed and attorney's fees that the HOA's counsel had just given the trial court. [Emphasis added.] With this approach, the trial court had information before it that the amount shown as due in the ledger included unpaid assessments and attorney's fees, but it was given no guidance in the testimony to segregate what portion of that balance was due for assessments and associated charges—a figure the trial court needed in order to render judgment for the sum certain that the HOA claimed that it was entitled to recover. Thus, the trial court lacked one of the most basic building blocks to enter the judgment that the HOA sought.

Even without this glaring and gaping hole in the HOA's proof, the ledger—standing alone and unexplained—is still not conclusive proof of the HOA's damages. The First Court of Appeals concluded that a document with no more detail than a ledger was not conclusive proof of an HOA's damages. *Id.* The First Court described the document that an HOA used to prove damages and the deficiencies in the document itself and that of the testimony of its sponsoring witness as follows:

S-G Owners Association alleged that [the homeowner had] failed to pay assessments that were due in 2014, 2015, 2016, and 2017. Its trial evidence to this effect primarily consisted of a "statement of account[,]" which was self-evidently created for purposes of litigation—the document had the style of the lawsuit on it. The statement listed amounts of assessments for each year, the accrued interest and late fees on the past-due assessments, and attorney's fees and other costs incurred in the homeowners' association's attempts to collect on the debt. The trial court, as factfinder, could have discounted the weight of this evidence considering that no business records of the homeowners' association were offered into evidence to support the alleged litany of damages. The sponsoring witness, the board president of the homeowners' association, did not testify that she had personal knowledge to support information stated on the "statement of account," and she did not otherwise vouch for its accuracy. Other than the correspondence relating to the 2014 assessment and the testimony presented to prove the amount of attorney's fees, the homeowners' association presented no evidence to support the information compiled on the "statement of account"—no proof of the amounts for assessments on [the homeowner's] property from 2015 through 2017, no proof of how and when she was informed of the amounts due, and no proof of when the property owners were told their payments were due.

*Id.*

The ledger here was equally as conclusory and deficient as the document described in the quote. The HOA described the ledger as a business record, but the predicate for its offer—that it was kept in the regular course of business—fell far below the standard to establish that it was a business record. *See* Tex. R. Evid. 803(6) (requiring predicate by record's custodian that "(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge[,] (B) the record was kept in the course of a regularly conducted business activity[,] [and] (C) making the record was a regular practice of that activity"). The trial court admitted

the ledger into evidence because Hunter lodged no objection, but that does not mean that the trial court could not discount its evidentiary weight when the HOA offered a predicate that fell well below the standard necessary to establish that it was a true business record.

The HOA introduced no underlying business records to substantiate the mass of numbers contained in the ledger. Neither the sponsoring witness nor anyone else vouched for the accuracy of the ledger, and no one stated that he or she had personal knowledge of its accuracy. Just as in the First Court's case, the HOA offered no proof of demand made for payment of the assessments other than one letter that predated most of the assessments that the ledger claimed were due. *See S-G Owners Ass'n*, 562 S.W.3d at 621. And as we have noted, the HOA offered no explanation of the ledger's calculations or memo entries, apparently believing that the trial court had the duty, inclination, and ability to interpret and understand the mass of information.

The HOA's superficial efforts to prove its damages left it to the trial court to weigh the evidence that the HOA offered to prove its damages; thus, the HOA cannot prevail on its sufficiency argument that it proved its damages as a matter of law or that its proof was conclusive. We infer that the trial court found that the HOA had failed to prove the elements of its case, including the element of damages, and the nature of the HOA's proof put that finding within the ambit of the trial court to make. *See Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 767 (Tex. 2011).

Accordingly, we overrule the HOA's sole issue.

10

## IV.  Conclusion

Having overruled the HOA's sole issue, we affirm the trial court's judgment that the HOA take nothing on its claim against Hunter.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  July 29, 2021