Opinion issued January 9, 2024



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-23-00084-CV

—————————————

### JUAN AND MARIA ORNELAS, Appellants

### V.

### LYLIAN ALFARO, Appellee

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-16495**

---

## MEMORANDUM OPINION

Juan and Maria Ornelas appeal from the trial court's order denying their application for a turnover order. We affirm the trial court's order denying relief.

## BACKGROUND

In August 2015, the Ornelases obtained a judgment in the amount of about $50,000 against Lylian Alfaro. Though final, the judgment remains unsatisfied.

In November 2022, the Ornelases filed an application for the entry of a turnover order and the appointment of a receiver. In their application, they stated:

> Applicants have reason to believe and do believe that Alfaro owns non-exempt personal property of the nature and type which cannot by ordinary legal means be attached to satisfy the [j]udgment. The property made the basis of this [a]pplication cannot readily be attached or levied on by ordinary legal process and is not exempt from attachment, execution[,] or seizure for the satisfaction of liabilities.

But the Ornelases did not elaborate on the nature of this nonexempt property that is not susceptible to levy or attachment by way of general description or otherwise in their application. In an accompanying proposed order, they suggested they had reason to believe that Alfaro's nonexempt property might include bank accounts.

The application was unsworn and unaccompanied by an affidavit or declaration. But accompanying the application were three writs of execution that had been issued and returned without result. In summary, these three consisted of:

- a writ of execution issued by the Harris County District Clerk in January 2016, which the Fort Bend County Constable returned unexecuted because it had expired by its own terms before the constable received it;

- a writ of execution issued by the Harris County District Clerk in April 2016, which the Fort Bend County Constable returned after the writ's expiration with the notation that a deputy constable had executed the writ by mailing Alfaro a written demand for payment of the judgment via first

2

class mail and with the further notation that the deputy constable had not made personal contact with Alfaro; and

- a writ of execution issued by the Harris County District Clerk in June 2016, which the Fort Bend County Constable returned either because there was no property subject to execution or after the writ expired with the notations that the deputy constable had executed the writ by mailing Alfaro written demands for payment by first class mail and certified mail, return receipt requested; trying to make personal contact with Alfaro on multiple dates and at various times without success; searching the county's real property records, which did not reveal real property subject to levy; and making further investigation, which did not reveal nonexempt personal property.

The Ornelases set their application for the entry of a turnover order and the appointment of a receiver for submission on the papers. No hearing was held.

In January 2023, the trial court denied the application by written order. The trial court's order does not state a rationale for the denial of the application.

No party requested that the trial court issue findings of fact and conclusions of law as to the grounds for the application's denial. The Ornelases now appeal.

## DISCUSSION

On appeal, the Ornelases contend that the trial court erred in denying their application for a turnover order on two grounds. First, they maintain that the trial court abused its discretion by not stating the basis for its denial of their application. Second, the Ornelases contend that the trial court abused its discretion by denying their application because they submitted uncontradicted proof that establishes their entitlement to the entry of a turnover order. Finally, subject to their entitlement to a

3

turnover order, they also maintain the trial court erred in not appointing a receiver.

## Applicable Law

Turnover orders are final, appealable orders challengeable by direct appeal. *Davis v. West*, 317 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

We review a trial court's denial of an application for a turnover order for an abuse of discretion. *Boudreaux Civic Ass'n v. Cox*, 882 S.W.2d 543, 548 (Tex. App.—Houston [1st Dist.] 1994, no writ). A trial court abuses its discretion if it reaches its decision without reference to applicable legal rules and principles. *Id.* A trial court has no discretion to misconstrue the law or misapply the law to the facts. *Id.* With respect to findings of fact, our review for abuse of discretion incorporates consideration of the legal and factual sufficiency of the supporting evidence. *Id.*

Under the turnover statute, a judgment creditor is entitled to judicial aid "through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE § 31.002(a). Among other things, a trial court may order a judgment debtor to turn over nonexempt property to a designated sheriff or constable for execution, otherwise apply property turned over to the satisfaction of the judgment, or appoint a receiver to take possession of nonexempt property to sell it to the extent necessary to satisfy the judgment. *Id.*

§ 31.002(b). Exempt property is not subject to turnover. *Id.* § 31.002(f); *see also id.* at § 31.0025 (exempting wages from turnover, except as to child support obligations); TEX. PROP. CODE §§ 42.001–.002 (specifying broad categories of personal property exempt from garnishment, attachment, execution, or other seizure—including turnover). But a trial court may enter or enforce an order requiring turnover of nonexempt property without identifying the specific property that is subject to turnover. *Id.* § 31.002(h).

### Analysis

The trial court did not articulate the basis for its denial of the application. The Ornelases contend this alone is a basis for reversal. On this record, we disagree.

There are at least two ways in which the Ornelases could have sought clarity regarding the basis for the trial court's decision. First, they could have requested a hearing on their application, at which they might have elicited the trial court's views on the record. Second, even if that effort failed, the Ornelases could have requested findings of fact and conclusions of law from the trial court. *See* TEX. R. CIV. P. 296, 297. When properly and timely requested, a trial court is obligated to file findings of fact and conclusions of law, and its failure to fulfill this obligation may be challenged on appeal. *Glass v. Williamson*, 137 S.W.3d 114, 117–18 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The Ornelases pursued neither course of action, and the trial court did not have an independent duty to issue a written opinion or

5

findings of fact and conclusions of law. *See Gunter v. Molk*, 663 S.W.2d 674, 675 (Tex. App.—Beaumont 1983, writ ref'd n.r.e.) (observing that trial court's failure to prepare findings of fact and conclusions of law on its own motion was proper).

Thus, the trial court did not err in failing to articulate a rationale for its denial of the application. On the contrary, when, as here, no findings of fact and conclusions of law were requested or made, we must affirm the trial court's decision if its decision is correct on any legal theory supported by the record. *Harrison v. Gemdrill Int'l*, 981 S.W.2d 714, 717 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

The Ornelases further contend that the trial court erred because they submitted uncontradicted proof entitling them to the entry of a turnover order. We disagree.

To enter a turnover order, the trial court must have some evidence before it that shows the turnover statute's requirements are satisfied. *Suttles v. Vestin Realty Mortg. I*, 317 S.W.3d 412, 416 (Tex. App.—Houston [1st Dist.] 2010, no pet.). At a minimum, this requires some evidence that the judgment debtor "owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE § 31.002(a); *see also Suttles*, 317 S.W.3d at 416 (relying on section 31.002(a) as setting out elements for which there must be evidence to obtain turnover order). A trial court cannot enter a turnover order in the absence of evidence and based only

on the movant's application and the argument of its counsel. *Tanner v. McCarthy*, 274 S.W.3d 311, 322–23 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

The Ornelases have done no more than file an unsworn application demanding relief. In their application, they merely assert that they have "reason to believe and do believe" that Alfaro has nonexempt property subject to turnover. But they have not adduced any evidence that Alfaro has such property, which is not a foregone conclusion given Texas's broad exemptions protecting the property of individual judgment debtors. *E.g.*, TEX. CIV. PRAC. & REM. CODE § 31.0025; TEX. PROP. CODE §§ 42.001–.002.

The Ornelases rely on the writs of execution accompanying their application as evidence. But these writs do not show that Alfaro has exempt property. Setting aside the fact that the Ornelases attached uncertified copies of these writs to their application without an accompanying affidavit or declaration to show their admissibility as evidence, the writs on their face do not contain any suggestion that Alfaro has property subject to turnover. On the contrary, the constable's return for the most recent of these writs stated that Alfaro had no real property subject to levy and that investigation did not show Alfaro had nonexempt personal property.

Moreover, even if the writs had indicated Alfaro had property subject to turnover, the trial court could have reasonably discounted this indication due to the age of the writs. The Ornelases applied for a turnover order in November 2022. The

7

most recent of the three writs is from June 2016—more than six years beforehand. Whatever may have been true in June 2016 was not necessarily true several years later when the trial court considered the application. The turnover statute requires a showing that a judgment debtor "owns property" subject to turnover, not that she once owned and conceivably could still own such property. *See* TEX. CIV. PRAC. & REM. CODE § 31.002(a) (providing judgment creditor is entitled to order if "judgment debtor owns property" that "is not exempt from attachment, execution, or seizure").

Therefore, the trial court did not abuse its discretion in denying the Ornelases' application for a turnover order. And because the trial court did not err in doing so, it likewise did not err in refusing to appoint a receiver under the turnover statute.

## CONCLUSION

We affirm the trial court's order.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Countiss, and Farris.

8